## SULLIVAN, EXECUTOR, v. LATIMER.

1. WRITTEN INSTRUMENTS—CONSTRUCTION—INTENTION.—The construction of all written instruments belongs to the court, and must be governed by the intention expressed on the face of the paper itself.

2. IBID.—INTENTION—SEAL—EQUITY.—A paper, in form a deed of conveyance, but without a seal, concluding with the words, "witness my hand and seal," purporting to have been "signed, sealed, and delivered" in the presence of two witnesses, one of whom makes oath that he saw the grantor "sign, seal, and, as his act and deed, deliver the within written deed," and upon which dower was duly renounced, shows upon its face that the seal was accidentally omitted, and that it was intended to be a deed; and equity, when invoked, will reform the deed by adding the omitted seal.

3. CASE CRITICISED.—Trustees *v.* Bryson, 34 S. C., 401, approved and followed.

Before HUDSON, J., Greenville, March, 1892.

This was an action by Thomas J. Sullivan, as executor of Frances A. Goodgion, deceased, against John H. Latimer, commenced June 18, 1891. The opinion states the case.

*Messrs. Ferguson & Featherstone*, for appellant.

*Messrs. Earle & Mooney*, contra.

March 14, 1893. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The statement of the case is as follows: On July 1, 1882, John H. Latimer was the owner of an undivided one-fourth interest in what is known as the "Fork Shoals Cotton Mills." At that time, in order to secure

27—38

a debt of $16,666.66, the said John H. Latimer, in conjunction with the owners of the remaining three-fourths interest, executed a mortgage of said property to W. D. Sullivan, as assignee. W. D. Sullivan, the mortgagee, instituted proceedings to foreclose the mortgage, and notice of the action was filed in the proper office August 3, 1883. On October 17, 1883, the said John H. Latimer executed, in consideration stated of $6,000, an instrument in writing, purporting to be a deed of conveyance of his individual one-fourth interest in said property [to Frances A. Goodgion]. The instrument of writing is regular in form, and contains the usual covenants, except that the seal is wanting. It was witnessed as a deed, probated as a deed, the wife of John H. Latimer renounced her dower, and the instrument was recorded as a deed.

W. D. Sullivan, assignee, obtained a decree of foreclosure for $18,717.55, and under it the premises were purchased by Hattie F. Latimer for $9,000, and Frances A. Goodgion was evicted from the premises. She died December 18, 1889, leaving a will, of which the plaintiff, Thomas J. Sullivan, is the executor; and as such executor he brought this action in June, 1891, for the double purpose of reforming the written instrument by having a seal affixed to the name of John H. Latimer, and for damages arising from the breach of the warranty, &c. The defendant interposed four defences; and first, that Frances A. Goodgion, in her lifetime, instituted an action in her own name upon the same cause of action set out in the complaint in this case, which was pending at the time of her death; and the defendant objects, that it was the duty of the plaintiff to have himself substituted as plaintiff in the room of Frances A. Goodgion in said suit, and having failed to do so within the time limited by law, he can not now maintain an action on said cause, except by supplemental complaint. The other defences relate to the consideration referred to in the written instrument, and need not be set out at length here, for the reason that, from the view the Circuit Judge took of the case, they were really never considered, the complaint being dismissed upon the preliminary question, whether the plaintiff had the right to have the instrument reformed by adding a seal to the name of John

H. Latimer. As the Circuit Judge held that the instrument could not be reformed, the question of damages was really never reached.

The cause came on for a hearing by his honor, Judge Hudson, who, upon motion, dismissed the complaint. In granting the order, he said, in substance, as follows: "The plaintiff in this action seeks two remedies—the reformation of the written instrument from the defendant to Francis A. Goodgion, by adding a seal thereto; and, second, damage for the breach of warranty contained in the deed so reformed. The first is a question for the court on its equity side, and is preliminary. The second is a law issue, and would go to the jury should the deed be reformed. I am asked to reform this instrument simply upon an inspection of it, without any other evidence as to the intention of the parties. I can't do this. I can't say, from a bare inspection of this paper, that it was the intention of the parties to add a seal. I will, therefore, dismiss the complaint."

From this order the plaintiff appeals to this court, upon six grounds of appeal, as follows: "I. That his honor erred in holding that there was no evidence to sustain the equitable demand contained in said complaint to reform the written instrument by affixing a seal thereto opposite the name of John H. Latimer, the alleged grantor therein. II. That his honor erred in holding that the said written paper itself did not afford sufficient evidence that it was the intention of the parties that a seal should be affixed thereto. III. That he erred in dismissing the complaint as to the equitable demand for reformation of said written instrument, it being submitted that the evidence was sufficient to sustain said demand. IV. That he erred in holding, in substance, that the case could not go to the jury as to the question of damage for breach of the agreement of warranty, contained in said written instrument, unless said instrument should be first reformed by the court. V. Because he erred in holding that it was necessary to reform the instrument by a separate judgment, and should have submitted to the jury the question as to whether or not the plaintiff was entitled to recover as though said instrument had been reformed. VI. Because he erred in holding that there was

entire absence of testimony to sustain the legal demand contained in said complaint, and in dismissing the same therefor," &c.

We do not regard any question before the court but that as to reforming the written instrument called a deed, and nothing that may be said should be understood as affecting the issue as to damages when the case goes back to the Circuit.

It is not to be denied that, as a general rule, the construction of all written instruments belongs to the court. In *Hammond* v. *R. R. Company*, 15 S. C., 32, the court said that "the intention of the parties must always govern; * * * but that intention must always be reached by interpretation or construction of the instrument in which it is alleged to exist. Testimony *dehors* the instrument can not be allowed." See *Conway* v. *Cunningham*, 6 S. C., 353; *Easterly* v. *Heilbron*, 1 McMullan, 462; Greenl. Evid., §§ 276, 277. The intention of the parties, then, must be gathered from the instrument itself. Now, taking this as the rule, can there be a doubt that the instrument here was intended to be a deed? and that it was an accident that the seal was omitted? If not, the whole thing was a palpable fraud. The paper is in the form of a deed—it was said at the bar that it was written on a blank form of deed—it was called a deed—it ends with the familiar words, "witness my hand and seal"—it purports to have been signed, sealed, and delivered in the presence of witnesses, one of whom made oath that he saw the within John H. Latimer sign, seal, and, as his act and *deed*, deliver the within written deed, &c. The wife of the donor relinquished her dower in due form, and the paper was regularly recorded. If these facts, appearing on the paper itself, do not afford sufficient proof that it was intended as a deed in fact, with a seal to it, and that its omission was simply an accident, it is quite certain that—rejecting all evidence *aliunde*—sufficient proof for that purpose can not be made in any case whatever.

But it seems to us that there has been such a case, and that the very point was decided in *Trustees* v. *Bryson*, 34 S. C., 401, in which Mr. Justice McIver said: "It will be observed that the terms of the paper itself show conclusively

that it was not intended as a mere agreement to convey, but as an actual conveyance. It has all the essential elements of a conveyance of real estate, except the seal, and its omission was clearly accidental and certainly not intentional. It concludes in the words, 'witness my hand and seal,' and purports to have been 'signed, sealed, and delivered' in the presence of two subscribing witnesses, one of whom goes before the proper officer and makes affidavit that he saw the grantor 'sign, *seal,* and, as his act and deed, deliver the within written deed,' and the paper is spread upon the records of the proper office as a deed. So that there cannot be a doubt that the intention was to execute a formal deed, and the parties, as well as the witnesses, together with the recording officer, manifestly supposed that the paper was what it was intended to be—a valid deed. This being the case, a Court of Equity will regard the paper as a deed, and will supply the accidental omission of the seal." And so we say here. We cannot distinguish that case from this.

The judgment of this court is, that the judgment of the Circuit Court, so far as it refused to reform the written instrument in contention, by adding a seal to the name of the grantor, John H. Latimer, be reversed; and that the case be remanded to the Circuit Court, to be tried on the issue of damages, if the plaintiff is so advised.