## BRUCKE v. HUBBARD.

1. EVIDENCE—TRANSACTIONS WITH DECEDENT.—A party claiming land under deed may testify that she left deed with grantor, who is dead, who had life interest, for safe keeping, and such evidence is not excluded by Sec. 400 of Code where defendant does not claim as heir at law or assignee of plaintiff's grantor.

2. IBID.—Person claiming land may give his reason for permitting defendant to remain in possession of it.

3. IBID.—DEED—RECORD.—After admission of deed, book of record may be admitted to show record and notice.

4. IBID.—IBID.—DELIVERY.—That a deed has been properly executed, the witness saying he would not have signed as a witness of the execution and delivery if both had not been done, and that it has been recorded, is sufficient to submit to jury question of delivery.

5. REAL PROPERTY—ADVERSE POSSESSIONS.—HEIR AND ANCESTOR may tack possession to make up ten years.

6. LIMITATION OF ACTIONS—MINOR.—Charge that statute of limitations cannot run against minor during minority was applicable to this case, as there was some proof of minority by record of probate court.

7. APPEAL.—That plaintiff showed title in himself; that defendant had not been in possession of land seventeen years, were found by jury against defendant and cannot be reviewed by this Court.

Before KLUGH, J., Oconee, March Term, 1904. Affirmed.

Action by Myra M. Brucke *et al.* against Milton Reese Hubbard. The charge of the Judge, after stating the issues, is:

"The defendant denies all of the allegations of the complaint. When a person comes into civil court and sets up a claim, which is denied by the defendant, the burden devolves upon the plaintiffs to prove their case by the preponderance of the evidence. So they must prove the fact alleged in their complaint by the preponderance of the evidence before they are entitled to recover. The defendant simply relies upon his general denial. If the plaintiffs have established, by the preponderance of the evidence, the facts they allege in the complaint, then they are entitled to recover the possession of the land. When a person claims title to land he may establish his title by one of four different methods: 1. He may show the original grant from the State, either to himself or to some one else, or by means of conveyance by the State down to himself, the State being the paramount owner of the land, a grant from the State to him would expressly show title in him and there would be no use to look beyond that; that is one way by which a person can establish title to land. 2. Another way is by showing prescriptive right, that is, by possessing the land for twenty years or more, by which the law would presume there had been a grant from the State, which grant might be lost or could not be produced. 3. Another way to show title is by adverse possession. Where it is shown that the State has parted with its right to the land with some one, and the defendant shows that he has been in possession of the land adversely, notoriously, for ten years or more. 4. And the other way is by showing that the plaintiff is claiming by a common source, and then whichever party establishes the best title to the land is the party that would prevail. If the plaintiffs have established their title by any of those methods, it would confer upon them a complete title to the land and they would be entitled to recover possession of the land unless something in the case has shown that they have lost their right to possess the land. 1. Where a person is in possession of land and is sued for the possession of it, he may defeat the plaintiff's right to recover by show-

10—74

ing title in some one else and not in the plaintiff.    A defendant may show, where A comes. into Court and sues. may show title in B and defeat A's title, whether he shows it by grant from the State or by prescriptive right, no matter what, if he shows the title is not in the plaintiff, but in some one else, that would break down the plaintiff's title and the defendant would be entitled to a verdict.    In this case, if the defendant has shown, because that is a part of his denial, that the title is not in the plaintiffs, if he has shown that the title is not in the plaintiffs, but some one else, then he is entitled to a verdict.    If he has not done that, still the plaintiffs are bound to establish their allegations by the preponderance of the evidence.

"The paper there—the paper purporting to be a deed, and it has all parts of a deed—appears to be a deed from Zachariah Hubbard to William L. Brucke, and if you find it was executed by Zachariah Hubbard to William L. Brucke, then that is an effectual deed of conveyance to William L. Brucke of whatever right Zachariah Hubbard had in the land.    There are three things necessary: The signing of a deed and the sealing and delivery of a deed.    A person may sign a deed by some one else; not being able to write it, he would have some one else to sign it and then he would ratify it by making his mark, or some other way.    He may sign a deed in a vicarious way by doing it by some one else; he may seal a deed, by affixing his seal upon it or by affixing the letters 'L. S.' on it; or he may seal the deed in a vicarious way by some one else, and if he adopts it that is effectual. He may deliver the deed either to the grantee or he may deliver the deed to some other person for the benefit of the grantee, and that would be as good a delivery as if he had delivered the deed to the grantee.    If you find that the deed was signed, sealed and delivered, either actually or by way the Court has indicated, that would become an effectual deed of conveyance of whatever right Zachariah Hubbard had in the land.    They must establish that by the preponderance of the evidence.

"If you find that either of those requisites has not been established, then the deed would not be effectual and would not convey anything. If you find that the deed conveyed the land from Zachariah Hubbard to William L. Brucke and these are the heirs at law of William L. Brucke, then whatever interest he had in the land would pass to these parties. If you conclude that was an effectual deed from Zachariah Hubbard to William L. Brucke, it becomes incumbent upon you to find whether or not Zachariah Hubbard had title to the land. If he had title by grant from the State or by adverse possession of prescriptive right, or can trace his title back to a common source and he showed a better title than the defendant, then that would confer upon Zachariah Hubbard a fee simple title and his deed would convey a fee simple title. Where a person has been in possession of land for twenty years or more, that gives them a title by prescriptive right—what we deem in law a presumption of a grant from the State. Where two or more persons claim title by that method, that is, by a prescriptive right, they may tack their possessions together. and it is not necessary for either of them to have held it for twenty years— the law presumes from twenty years' possession that there was an original grant from the State—that is, if the same party went on it by peaceable possession and another party afterwards comes into possession of it peaceably, they may tack their possessions together to make up the twenty years' grant. The same does not come in where a party claims by ten years adverse possession, for that comes in where it is hostile; where a man goes and gets on land and holds it hostilely and holds it ten years adversely and notoriously, which is known, or ought to be known, by the whole world, and holds it ten years. that would give him title by adverse possession; that is hostile. And where two or more persons claim title by adverse possession, the law does not allow them to tack their possession together to make up the ten years, for the assumption is that it was taken by you in a hostile way, it was not peaceable, and being a trespasser, the law

does not allow them to tack their possessions together. Two
wrongs or three wrongs do not make a right. And that is the
difference in tacking the possessions in order to give rise to
the prescriptive right or grant from the State, the peaceable
possessions, and in tacking possessions in order to establish
possession by adverse possession or hostile possession.   To
establish adverse possession a person must be in possession
of the land for ten years or more, continuously and notori-
ously, and the law does not allow two or more persons,
claiming title by adverse possession, to tack their posses-
sions together to make up the ten years or more.   It is the
established law, where one dies in possession of land and
his heirs are there with him and remain in possession of
the ancestor's possession, the law does, in a case like that,
allow the ancestors and the heirs to put their possessions
together to make up the ten years.   In this case, if you find
that William L. Brucke went into possession of this land
in 1877 under a deed from Zachariah Hubbard to him and
that he held possession either by himself or by a tenant or by
some one recognizing him as the paramount owner and held
such possession for ten years or more, that itself, if notorious,
continuous and adverse to the whole world, would give him
at the expiration of ten years adverse possession, even if he
took no title under the alleged deed.   And the possession
not only of the tenant for years would redound to the benefit
of or conduce to the possession of the landlord, but the
possession of a life tenant, if it was made by title to a life
estate.   In this case, if you should find that Zachariah Hub-
bard parted with whatever interest he had in a fee simple
title by that deed in 1877, and should find he held the land
as life tenant under that deed for ten years or more, that
possession being under the terms of the deed itself, subordi-
nate to it, would redound to the grantee, Brucke, and give
Brucke possession by adverse possession.   And if you should
find that Zachariah Hubbard did hold it at that time and
after his death his widow held the land, subordinate to this
deed, for ten years adversely and notoriously to the world,

that would redound to the benefit of the landlord or paramount owner, to wit: William L. Brucke, and would confer title upon him by adverse possession, her possession being subordinate to his and not hostile to it, if she claimed possession as his life tenant. And if you find these to be the facts, that would confer title upon William L. Brucke, even if he took no title by deed. If you find there was no deed of conveyance to the land to William L. Brucke by Zachariah Hubbard and there was no title established by the evidence in the case of the plaintiffs, then your verdict would be for the defendant; for the plaintiff, when suing in possession of title, must recover on the strength of her title, no matter how weak the defendant's title is. If you are satisfied the plaintiff has title to the land and has a right to have the possession of it, then your verdict would be for the plaintiffs. If they have failed to establish their title to your satisfaction, your verdict would be for the defendant. If you find that Milton Reese Hubbard has been in the wrongful possession of that land, withholding it wrongfully from the plaintiffs, it would entitle them to recover the rental value of the land for the length of time he has withheld it from them wrongfully, and you would have to determine what the rental value of the land was from the testimony and award them a verdict in addition to awarding them the land for the amount of rental value so established; and then they claim damages for his continuous wrongful withholding the land from them to the extent of $200. If you find that they are entitled to recover the possession of the land and the testimony has established the fact that they have been damaged by this wrongful withholding the land from them in addition to being deprived of the land, you would find special damages in addition to the rental value. If the testimony failed to show any special damages you couldn't find any special damages. If you should find that this defendant has been in the wrongful possession of the land, or rather, if you should find that the plaintiffs are the owners of the land and have been entitled to the possession

of it since '96, then you could not find against the defendant the rental value during all of the years since that, but you must allow him the rent for five years subsequent to '96, which would bring it down to '01, and only award the rental value since 1901, if that should be your conclusion.

"Your verdict will be in this form, if you conclude the plaintiff is entitled to recover: We find for the plaintiffs the land in dispute, and if you find any rental value your verdict would be: And we find so many dollars for rent. If you should find for the plaintiffs and conclude they are entitled to any rent, say: We find for the plaintiffs the land in dispute and so many dollars in rent. And if you conclude they are entitled to any damages, add: And so many dollars for damages, writing out the amount, not in figures, but writing it out in words the amount of your verdict, if you conclude they are entitled to anything. If you find they are not entitled to any damages, but the land and rent, then the form of your verdict will be: We find for the plaintiffs the land in dispute and so many dollars for rent; and if you conclude that they are not entitled to any rent and should find that they are entitled to the land, then say: We find for the plaintiffs the land in dispute. If you conclude they are not entitled to the land, you would find a verdict for the defendant. When you go in the room, elect one of your number as foreman, and let him write and sign your verdict.

"By Mr. Herndon: If the defendant has been in possession of the land, claiming the right in himself openly, notoriously and continuously for ten years, that would confer title upon him.

"By the Court: I have charged them already that when the defendant shows title in any one else than the plaintiff that would defeat their title. Of course, if he has been in the adverse possession of the land for ten years or more, that would establish his right to the land. Where a person goes into the possession of land under writing, describing the boundaries of the land, such as a deed, the law calls that a color of title and gives him the right to possess all the land

within the boundaries. If a man takes possession of land without any writing the law only gives him what he holds openly, notoriously and continuously, it only gives him the part actually occupied by him. And if you find the defendant has been in possession of this land for ten years or more, claiming it adversely to the whole world in such a manner as to make it notorious, not only so as to anybody else, but that the plaintiffs ought to have known or could have known of his adverse holding; then the law would give him title to so much land as he actually possessed. If the whole tract of land was enclosed or he went there and built a fence around the whole of it, that would show he was claiming the whole of it and the law would give him what was within the fence, or, if he has cultivated it openly the whole of the land, the law would give him the whole of it, if he has held it for ten years. But he would only have possession of what he actually held.

"The law recognizes several exceptions, the running of the statute of limitation which gives title to land after ten years' possession; and where a person is out of the possession of land and can't maintain an action for the possession of the land at the time this adverse possession begins—if a person is out of the possession of land on account of the life estate, then the statute of limitation would not begin to run against him until the termination of that life estate, the death of a life tenant; and no one could hold against him because he has no right to sue to recover the possession of the land during the life of the life tenant. In addition to that, where a person takes possession of land owned by a minor under the age of twenty-one years, the statute declares that the minority of the infant shall not be counted as a part of the ten years, but the ten years, to establish title by adverse possession, begins to run from the time that infant reaches the age of twenty-one years, and no one can claim title by adverse possession against that minor until the minor arrives at the age of twenty-one years. And if you find any of these to be the facts in this case—for instance, these

plaintiffs could not maintain a suit to the land until the termination of the life estate—if you should find these plaintiffs did not have the right to possess the land until the termination of a life estate, then there could be no claim of adverse claim established against them until ten years had expired from the death of the life tenant; or if you should find from the evidence that the plaintiffs had title to the land and that one of the plaintiffs was a minor, under the age of twenty-one, and had title to this land, although some one might have gone there, this defendant or some other person, and held the land openly, notoriously, continuously and adversely, for a period of ten years, it would not begin to run until after the minor become twenty-one years of age.

"I think you have the whole case and you may retire and determine your verdict."

The defendant appeals upon the following exceptions:

"1. For that it was error on the part of the Circuit Judge to allow the witness Mrs. M. M. Brucke to answer the question propounded to her by counsel for plaintiffs: Q. 'State what was done with this deed when you all moved to Pelzer in '82. When you went to move, what was done with it?' and the questions preceding and leading up to this question, upon objection made by counsel for defendant, the questions and the answers thereto being for the purpose of, and intending to show a transaction between the witness, who is one of the plaintiffs, and her father, Zachariah Hubbard, who was at the time of such examination deceased, the said examination being in conflict with section 400 of the Code of Civil Procedure of South Carolina.

"2. For that it was error on the part of the Circuit Judge to allow the witness Mrs. M. M. Brucke to answer the question propounded by plaintiffs' counsel: Q. 'Why did you let him stay there five years?' for the reason that said question and answer was hearsay, irrelevant, and not binding on the defendant, M. R. Hubbard.

"3. For that it was error on the part of the Circuit Judge

to allow book F, of record of mesne conveyance, pages 611-612, to be introduced in evidence over the objection of the counsel for defendant, for the reason that the record copy was not the best evidence, and for the further reason that such evidence was cumulative.

"4. For that it was error on the part of the Circuit Judge to admit in evidence the instrument in writing purporting to be a deed of conveyance from Zachariah Hubbard to W. L. Brucke, dated 21st of May, 1877, for the reason that the delivery of said deed had not been proved as required by law.

"5. For that it was error on the part of the Circuit Judge to refuse the motion of defendant's counsel for an order of nonsuit made at the close of plaintiffs' evidence in chief, upon the ground that the plaintiffs had not shown title to the tract of land in suit in themselves, for the reason it was incumbent on the plaintiffs to show title in themselves to the said tract of land, and they having failed so to do, the defendant was entitled to an order of nonsuit.

"6. For that it was error on the part of the Circuit Judge to hold and charge the jury: 'It is the established law, where one dies in possession of land and his heirs are there with him and remain in possession of the ancestor's possession, the law does, in a case like that, allow the ancestors and the heirs to put their possessions together to make up the ten years.' For the reason that there was no allegation in the pleadings nor any evidence to which such charge was applicable, and such charge was confusing and misleading to the jury.

"7. For that it was error on the part of the Circuit Judge to hold and charge the jury: 'In addition to that, where a person takes possession of land owned by a minor under the age of twenty-one years, the statute declares that the minority of the infant shall not be counted as a part of the ten years, but the ten years, to establish title by adverse possession, begins to run from the time that infant reaches the age of twenty-one years, and no one can claim title by

adverse possession against that minor until the minor arrives at the age of twenty-one years.' For the reason that although the plaintiffs' complaint alleges that the plaintiff, Pelzer Viola Brucke, is an infant above the age of fourteen years, there was no evidence to which such charge was applicable, and such charge was confusing and misleading to the jury.

"8. For that the burden was on the plaintiffs to prove title to the land in dispute in themselves, and to recover if at all upon the strength of their title, and not upon the weakness of the title of the defendant, and there is a total failure on the part of the plaintiffs to show title in themselves by any of the methods prescribed by law, and the verdict, and the judgment entered thereon, is without evidence to support it.

"9. For that the evidence showed that the defendant had title to the land in dispute by adverse possession for a period of about seventeen years, and the verdict and judgment should have been found and rendered accordingly, and the complaint dismissed.

"10. For that the evidence showed that the defendant had been in adverse possession of that part of the tract of land on the east side of the Spring Branch for seventeen years, and had thus acquired a good and legal title to that portion of the tract of land in dispute, and the jury should have so found, and his Honor so held, and the judgment against the defendant was erroneous in that respect."

*Messrs. Stribling & Herndon,* for appellant. *Mr. Herndon* cites: *Transactions between plaintiff and grantor are excluded under sec. 400 of Code:* 47 S. C., 488. *Delivery of deed must be shown to make it effective:* 2 Strob., 306; 1 Strob. Eq., 349; 9 Ency., 150. *Plaintiff must show title in himself and right to immediate possession:* 36 S. C., 396; 15 S. C., 478; 27 S. C., 313; 53 S. C., 220; 16 S. C., 141; 48 S. C., 45. *After statute begins to run it will not be arrested by death of party holding title and minority of heir:*

20 S. C., 52; 53 S. C., 128; 59 S. C., 450. *Title by adverse possession may be affirmatively asserted by defendant:* 45 S. C., 314; 50 S. C., 293, 457; 59 S. C., 440; 63 S. C., 241.

*Messrs. Jaynes & Shelor,* contra. *Mr. Jaynes* cites: *Defendant not claiming as heir of plaintiffs' grantor, transactions with plaintiffs' grantor are competent:* 58 S. C., 476; 53 S. C., 32; 47 S. C., 488. *As to proof of delivery of deed:* 19 S. C., 216; 9 Ency., 882; 1 Green. on Ev., secs. 639, 484, 485; 24 Ency., 199. *Adverse possession may be asserted affirmatively by plaintiff:* 45 S. C., 313; 39 S. C., 15; 37 S. C., 117; 29 S. C., 372.

April 13, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action came on to be heard before his Honor, Judge Klugh, and a jury, at the March Term of the Court of Common Pleas of Oconee County. It had for its object the recovery by the plaintiffs, who were the widow and the children of William L. Brucke, deceased, of a tract of land, containing seventy-seven acres, of which the deceased was at his death seized and possessed, but which was occupied by the defendant, Milton Reese Hubbard, who refused to yield possession thereof to the plaintiffs. The complaint was as follows:

"I. That on the 21st day of May, A. D. 1877, one Zachariah Hubbard was seized in fee and possessed of the following described real estate, to wit: * * * containing seventy acres, more or less, and being the same tract of land whereon the said Zachariah Hubbard then resided.

"II. That on the said 31st day of May, A. D. 1877, the said Zachariah Hubbard made, executed and delivered to William L. Brucke, his certain deed of conveyance conveying the real estate aforesaid; that said deed of conveyance was duly recorded in the office of Register of Mesne Conveyance for Oconee County, South Carolina, on the 18th day of February, 1880, in book 'F,' pages 611 and 612,

and certified. A copy of said deed is hereto attached as exhibit 'A' and made part and parcel of this complaint.

"III. That said grantor, Zachariah Hubbard, reserved to himself the rents, issues and profits of said real estate for and during the term of his natural life, and after his, the term of the natural life of his wife, Harriet N. Hubbard, should she survive him.

"IV. That the said Zachariah Hubbard departed this life on the —— day of ————, 188—; that his widow, the said Harriet N. Hubbard, departed this life on the 7th day of October, 1896.

"V. That the said William L. Brucke departed this life on the 6th day of October, 1891, intestate, leaving as his heirs at law the plaintiffs in the above entitled action, to wit: his widow, the plaintiff, Myra M. Brucke, and his children, Gussie D. Thompson, *nee* Brucke, Wilhelmina Alexander, *nee* Brucke, and Pelza Viola Brucke.

"VI. That the plaintiff, Pelza Viola Brucke, is an infant above the age of fourteen years; that on the 28th day of January, 1903, Claudius P. Alexander was duly appointed guardian *ad litem* for the said Pelza Viola Brucke by D. A. Smith, judge of probate in and for Oconee County, for the purpose of representing and protecting the interest of the said infant plaintiff in the above entitled action.

"VII. That at the time of his death the said William L. Brucke was seized in fee of the premises described in paragraph I. of this complaint, and plaintiffs as his heirs at law ever since have been and now are the legal owners of said premises.

"VIII. That since the death of the life tenant, Harriet N. Brucke, on the 7th day of October, 1896, the defendant has been in lawful possession of said premises and converted the rents, issues and profits to his own uses and purposes; that the defendant is wrongfully in possession of said premises and claims a right thereto, and although repeatedly requested to surrender peaceable possession of said premises to plaintiffs, the defendant has refused and continues to

refuse to give up the possession thereof, and unjustly and unlawfully withholds same from the plaintiffs.

"IX. That the defendant is indebted to plaintiffs for the rents, issues and profits of said premises since the death of the life tenant, Harriet N. Hubbard, in the sum of three hundred dollars, no part of which has been paid; that the defendant continues unlawfully to withhold from plaintiffs the possession of said premises to their damage in the additional sum of two hundred dollars.

"Wherefore, plaintiffs demand judgment, 1st, for the possession of said premises; 2d, for three hundred dollars, the rents thereof; 3d, for two hundred dollars, plaintiffs' damages for the withholding of the possession of said premises; 4th, for the costs."

The defendant's answer was a general denial of the plaintiffs' complaint. Both sides introduced testimony.

After the charge of the Judge, which must be reported, and a verdict of the jury in favor of the plaintiffs upon which a judgment was entered, the defendant appealed to this Court upon ten grounds, which grounds must be reported. We will now proceed to consider them in their order:

I. It is here complained that the Circuit Judge erred in allowing Mrs. Brucke to testify as to a transaction between herself and her father, Zachariah Hubbard, in his lifetime touching the possession of the deed purporting to be his conveyance of such seventy-seven acres to the intestate, William L. Brucke. It appears from her testimony that she and her family moved from Oconee County to the Pelzer Mill, Anderson County, in the year 1882, but that before going there she left the deed and a note with her father, Zachariah Hubbard, for safe keeping. The alleged deed contained a reservation of a life estate in said seventy-seven acres of land unto the said Zachariah Hubbard and his wife, Harriet N. Hubbard. The alleged deed had already been recorded in the office of the Register of Mesne Conveyance of Oconee County. The ground of

objection was that this witness could not testify as to this transaction as her father was then dead, being prohibited by section 400 of the Code of Procedure. The defendant had already testified that he did not claim the land as heir at law, devisee or assignee of the said Zachariah Hubbard. The Circuit Judge held that under these circumstances the 400 section of the Code did not apply.

We hold that there was no error of the Circuit Judge in so ruling. This Court has so frequently passed upon this section that it will be unnecessary to again pass upon it. The witness was only restricted in her testimony by this section 400. Such being the case and inasmuch as she did not violate this section, her testimony was competent. This exception is overruled.

II. Objection is raised by this exception to the competency of the witness, Mrs. M. M. Brucke, to testify her reason for allowing the defendant to remain in possession of the land in question for several years after the death of the life tenant, Mrs. Harriet N. Hubbard. We see no objection to this testimony. It was a statement of her reason for the allowance of such possession. Mrs. Hubbard was very old and infirm. She had broken her leg and required tender nursing. This objection is overruled.

III. This exception relates to the alleged error of the Circuit Judge in admitting in testimony book of record "F"—containing the deed of conveyance of the seventy-seven acres of land by Zachariah Hubbard—on the ground that the record copy of the deed was not the best evidence and also because such testimony was cumulative. Such record is to a certain extent notice to all the world of such deed. It showed *prima facie* that the defendant had notice of its contents. Of course, it was subject to the full explanation by the defendant and his witnesses of the contents. This record showed that there had been a full compliance of the statute of this State regulating such record as early as February, 1880. We do not think

the Circuit Judge committed any error as here pointed out. This exception is overruled.

IV. This exception sets out an alleged error of the Circuit Judge in admitting the deed in evidence. Now it must be recalled that the Circuit Judge only admitted the alleged deed in evidence; he did not assume that it was proved; that was left to the jury. It was in proof as circumstances for the consideration of the jury: That the clerk of Court testified that he had written the body of the deed and recorded the same in the records of the office of the Register of Mesne Conveyance of Oconee County. That one of subscribing witnesses said in his testimony that he recognized his signature as one of such witnesses, and the other witness to said deed swore that he recognized his signature to such deed as a subscribing witness. That each one of said subscribing witnesses stated that he would not have signed the deed as "signed, sealed and delivered" in his presence unless he had seen it "signed, sealed and delivered," and knew such to be the fact; and so as to the signature to the oath for the record of said deed. The fact that it was duly recorded was sworn to by the Register of Mesne Conveyance. It must be remembered also that both the grantor and grantee of said deed were dead. Under these circumstances it was not error to admit the deed itself for the consideration of the jury. How often it is that the question of the witnesses as an absolute fact that each witness witnessed the same cannot be established.

The fact was all that was done was regularly done and that there was no evidence that any witness had any interest or was in favor of the same. This exception is overruled.

V. Was there error in the Circuit Judge in refusing to grant the motion for a nonsuit? We have examined the testimony with care and there was testimony on the issue. This being so, the Circuit Judge would have erred if he had granted such motion. This exception is overruled.

VI. We do not think there was any error in the charge

of the Circuit Judge: "That it was the established law where one dies in possession of land and his heirs are there with him and remain in possession of the ancestor's possession, the law in a case like that allows the ancestors and heirs to put their possessions together to make up the ten years." We regard the proposition as sound law. This exception is overruled.

VII. We do not think it was error on the part of the Circuit Judge to charge the jury: "In addition to that, when a person takes possession of land owned by a minor under the age of twenty-one years, the statute declares that the minority of the infant shall not be counted as a part of the ten years, but the ten years, to establish title by adverse possession, begins to run from the time that infant reaches the age of twenty-one years, and no one can claim title by adverse possession against the minor until that minor arrives at the age of twenty-one years." The record of the probate court was admitted in testimony and showed that one of the parties was still a minor. This exception is overruled.

VIII. We do not regard this exception as well founded, for the Circuit Judge was careful to lay down the law as requiring the plaintiffs to establish their title and not rely upon the weakness of defendant. This fully appears in the charge itself. This exception is overruled.

IX. The question of fact raised by the defendant has been decided against him by the jury. We cannot interfere with the decision of the jury. This exception is overruled.

X. The jury by its verdict has found that the defendant has not been in adverse possession of the tract of land on the east side of the Spring Branch for seventeen years. We would not interfere with the verdict if we could. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is hereby, affirmed.

MR. JUSTICE WOODS *concurs in result.*