7977

MERCK v. MERCK.

1. DEEDS—EVIDENCE—TRANSACTIONS WITH DECEDENTS.—A witness to a deed who afterwards purchases the land conveyed and sells it, is disqualified under section 400 of the Code from proving the execution of the deed after the death of the grantor.

2. IBID.—IBID.—Where one witness to a deed becomes disqualified to prove its execution and the other is hostile to the party claiming under it, he may resort to the handwriting of the grantor and of the witnesses, the independent possession and control of the land by the grantee, and the recording of the deed, in support of its execution and delivery.

Before GARY, J., Pickens, September, 1910. Reversed.

Action by Daniel Merck *et al.* against Lawrence C. Merck *et al.* Defendant, W. P. Mann, appeals.

*Mr. Jas. P. Cary,* for appellant, cites: *Hester is not disqualified under sec. 400 of Code:* 7 S. E. 687; 40 S. C. 134; 26 S. C. 251; 11 S. C. 36; 20 S. C. 567; 31 S. E. 626; 90 N. C. 518; 23 S. E. 271; 41 S. C. 125; 33 S. C. 303; 38 S. C. 158; 41 S. C. 125. *Deed may be proved otherwise than by the subscribing witnesses:* 96 Ga. 1; 19 Ves. Jr.

494; 2 Wig. Ev., sec. 1302; 1 Mill. Con. 336; Rice Eq. 244; 8 Rich. 135; 50 S. C. 103; 11 S. C. 429; 74 S. C. 144; 14 Ency. 782; 2 Mills. Con. 336; 2 Ency. P. & P. 55; 23 How. 353; 16 S. C. 142; 3 McC. 261; 4 McC. 262; 52 S. C. 472; 1 Ency. 454; 31 Cyc. 214; 30 S. C. 564. *Respondents are estopped from attacking this title:* 6 Cr. 133; 9 S. C. 20; 105 N. W. 722; 9 S. E. 254; 37 S. E. 586; 83 S. C. 329.

*Messrs. Breazeale & Long, J. E. Boggs* and *Cothran, Dean & Cothran,* contra. *Messrs. Cothran, Dean & Cothran* cite: *Evidence of Hester as to execution of deed properly excluded:* 67 N. W. 771; 120 N. W. 147; 67 N. E. 634; 113 N. W. 198; 117 N. W. 268; 80 N. W. 920; 99 N. W. 438; 80 N. W. 919; 116 N. W. 317; 39 S. E. 475; 64 S. E. 369; 30 Ency. 1032, 1029; 121 N. C. 86; 20 N. E. 617; 24 N. E. 932; 9 S. C. 280; 25 S. C. 232; 26 S. C. 255; 95 N. Y. 316; 35 N. E. 511, 1110; 51 N. E. 212; 36 N. E. 314; 49 S. C. 165. *Declarations of grantor not admissible:* 2 Wig. Ev., sec. 1471; 9 L. R. A. (N. S.) 1136; 3 Brev. 40; 2 Bail. 91; 2 Hill 219; 14 S. C. 594; 2 Reot. 72; 10 Ga. 253; 42 Ga. 623; 4 Bibb. 488; 1 Mo. 671; 6 Hill 303; 84 N. C. 320; 31 Ohio St. 265; 2 R. I. 319; 61 Ga. 225; 1 T. B. Mon. 247. *No delivery of deed here:* 1 Strob. 25; 49 N. W. 258; 51 N. E. 614. *No negligence in grantor in keeping deed in trunk:* 2 Pom. Eq. Jur., sec. 687; 16 Cyc. 772; 9 L. R. A. 1136; 7 L. R. A. 1019; 42 N. E. 988; 7 C. B. (N. S.) 447; 97 U. S. 369; 40 L. R. A. 498; 37 L. R. A. 780; 54 N. E. 565.

July 18, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The opinion in the former appeal, (*Merck* v. *Merck,* 83 S. C. 329), contains a detailed statement of the issues in this action for partition. For the purposes of this appeal it is sufficient to say that the title of the

defendant, Mann, who claims to be the exclusive owner of the land in dispute against the heirs of Blumer Merck, depends on the validity of an alleged deed from Blumer Merck to L. C. Merck, his son, through whom Mann claims. On the second trial before the jury on the legal issue of title, the Circuit Judge directed a verdict in favor of the plaintiffs, and the defendant Mann appeals.

The defendant offered M. F. Hester as a witness to prove the execution of the deed from Blumer Merck to Lawrence C. Merck. The evidence of Hester was excluded on the ground that he had purchased the land from Lawrence C. Merck and had conveyed it to the defendant Mann, and was thus disqualified to testify as to the execution of the deed to Lawrence C. Merck under section 400 of the Code of Procedure. The contention of appellant's counsel is that the witnessing of a deed in the manner prescribed by law is not a transaction or communication between the witness and the grantor. So far as we can discover, the only cases seeming to support this contention are *Collins* v. *Collins* (N. C.), 7 S. E. 687; *In re* Young's will (N. C.), 31 S. E. 626, and *Bates* v. *Officer* (Iowa), 30 N. W. 608. These cases, however, depend in some measure at least upon the terms of the State statutes with respect to the proof of wills. Except as affected by such statutes the North Carolina cases seem irreconcilable with later cases in that State. See *Witty* v. *Barham* (N. C), 61 S. E. 372, and *Harrell* v. *Hagan* (N. C.), 63 S. E. 952. The Supreme Court of Iowa seems to have adopted a laxer rule than other courts in permitting interested parties to testify under such statutes as we are now considering. There are numerous cases in this State and elsewhere holding that a witness is not under section 400 disqualified because of interest from testifying as to transactions and communications with a deceased person at which he was present without being a participant. *Roe* v. *Harrison,* 9 S. C. 279; *Hughey* v. *Eichelberger,* 11 S. C. 36; *Kenne-*

*more* v. *Kennemore,* 26 S. C. 251, 1 S. E. 881; *Sullivan* v. *Latimer,* 38 S. C. 158, 17 S. E. 221; *Colvin* v. *Phillips,* 25 S. C. 228; *Moore* v. *Trimmier,* 32 S. C. 512, 11 S. E. 548; *Sloan* v. *Hunter,* 56 S. C. 385, 34 S. E. 658.

It cannot be doubted that evidence from an interested person of such communications and transactions, even where he is not a participant, is within the evil which the statute was intended to prevent; and such evidence has been held admissible because not within the letter of the statutory inhibition. It has never been held in a case in this State that testimony as to an act of the witness contributing to the legal effect of the transaction or communication was admissible. Here it was necessary to the validity of the deed that as a part of the transaction the deed should be witnessed and that the witnesses should subscribe their names as witnesses. Transaction is a very comprehensive term, meaning the carrying on or through of any matter or affair. When one witnesses a deed and thereby gives it vitality, we do not see how the conclusion can be escaped that he is a participant in the transaction. To give any other construction to the statute it seems to us would emasculate it, and open the door to the fraud and imposition which it was intended to prevent. We think the true rule is that laid down by the New York Court of Appeals after a review of all the New York authorities: "It has now been limited to this extent at least: That all conversations or transactions between persons since deceased and a third party in the presence or hearing of the witness may not be testified to by such witness if he by word or sign participated in the transaction or conversation, or is referred to in the course of it, or was in any way a party to it." *Hutton* v. *Smith* (N. Y.), 67 N. E. 633. The same conclusion is reached in the note to *Mollison* v. *Rittgers* (Iowa), 29 L. R. A. (N. S.) 1179, after a review of many authorities. We think there was no error in not permitting the witness

Hester to testify to the execution of the deed, and the exceptions on that point must be overruled.

We are of the opinion, however, that the Circuit Judge erred in excluding evidence of the handwriting of the persons whose names are on the paper as subscribing witnesses. The defendant Mann was in this plight: Mrs. L. C. Merck, one of the persons whose names were subscribed as witnesses to the alleged deed from Blumer Merck to L. C. Merck, was hostile, and upon being put on the stand, testified in effect that the deed was not delivered. The other witness Hester was excluded because disqualified by interest. Under these conditions the defendant Mann had a right to introduce other testimony tending to prove the execution of the deed; and evidence of the handwriting of the witnesses, of the grantor's acknowledgment of the validity of the deed after its execution, and of any facts tending to show that the deed had been executed, was clearly admissible. Land titles would be very insecure if they should fail whenever the subscribing witnesses might deny that they witnessed the execution of a deed, or might become for any cause incompetent to testify to its execution. It is true in proving a deed the subscribing witnesses must be produced or their absence accounted for, but manifestly the title cannot be made to depend entirely on their testimony. Whenever the witnesses are dead or inaccessible, or have become incapacitated, or deny the execution in their presence, or for any cause are unable or unwilling to prove the execution, then other evidence may be introduced. This is a principle of general recognition. *Pearson* v. *Wightman,* 1 Mill 336, 12 Am. Dec. 636; *Congdon* v. *Morgan,* 14 S. C. 594; *Gable* v. *Rauch,* 50 S. C. 95, 27 S. E. 555; *Brucke* v. *Hubbard,* 74 S. C. 144, 54 S. E. 249; *Buchanan* v. *Simpson* (Ga.), 31 S. E. 105; Greenleaf on Evidence, vol. I, p. 762; 11 A. & E. Ency. 598.

On this principle the Court erred also in holding that the admissions of Blumer Merck that he had conveyed the land

to his son L. C. Merck were not admissible as evidence of the execution of the deed, but only to show the character of the possession.    Such admissions, together with testimony as to the handwriting of the grantor, and of the witnesses, as to the independent possession and control of the land by the grantee and as to the recording of the deed, were all admissible either to support the testimony of the subscribing witnesses that the deed had been executed, or in substitution of the testimony of the subscribing witnesses if that testimony without fault of the party in interest was not available, or was adverse.

There must be a new trial on this ground.    Whether the testimony which the defendant Mann may be able to offer on the subject of the execution of the deed will be of such character that it will constitute some evidence of the complete execution of the deed, and so entitle the defendant Mann to have the issue of complete execution submitted to the jury, is a question which cannot be anticipated.    As the case is to go back for a new trial, we refrain from any discussion or expression of opinion as to the facts, further than to say that we think there was a *scintilla* of evidence for the consideration of the jury on the issue of estoppel.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the cause be remanded to that Court for a new trial.