POLLARD & COMPANY, plaintiffs in error, *vs.* THOMAS GIBBS, sheriff, *et al.*, defendants in error.

Where a crop lien for fertilizers is executed by an agent who acts without authority from the principal, and in his absence, and the lien is under seal, proof of the ratification by the principal must be in writing and under seal.

Principal and agent.    Factor's lien.    Before Judge Tomp-kins.    Morgan Superior Court.    March Adjourned Term, 1875.

Reported in the opinion.

Reese & Reese, for plaintiffs in error.

A. G. & F. C. Foster, for defendants.

Jackson, Judge.

This was a rule against the sheriff for distribution of a fund arising from the sale of some bales of cotton.    Pollard & Company held the oldest and best lien against Reid, but younger judgments claimed the fund on the ground that the lien of Pollard & Company for advances had never been made by Reid.    The proof was, that one Hoge, the agent of Pollard & Company, in the sale of fertilizers, sold them to Reid, and signed Reid's name, in his absence, to the lien.    He stated that Reid afterwards ratified it by parol; Reid denied it, and there was some other proof, the evidence being conflicting on the point of ratification.    The instrument creating the lien was under seal, but the statute does not require it to be so.    The court charged the jury that the ratification of Reid could not be made in parol; the jury found for the junior judgments; Pollard & Company excepted to the charge, and the sole question is, could Reid ratify the act of Hoge in putting his name to this paper, thus signed and sealed, by parol?    This question first came before this court in *Beall vs. Crafton*, 5 *Georgia*, 301, where the charge of the court below, that the power to make a deed for another must be in writing and under seal, was approved; though in that case there was no authority or ratification of the act in any way, by writing or word of mouth.    In the case of *Ingram vs. Little*, in 14 *Georgia*, 173, it again came up, and then it was expressly ruled that a blank in a deed could not be filled, in the absence of a grantor, without authority in writing, and under

seal, from him. In 16 *Georgia*, 384, 424, 582, the question again arose in respect to the power of partners to bind each other, and in regard to assignment of bonds. It was held that the assignment of a bond need not be made under seal. In 22 *Georgia*, 403, it was held that if the grantor direct another to sign, and he does so in his presence, it is good against the grantor, and need not be ratified at all. But in the case of *Rowe vs. Ware*, 30 *Georgia*, 278, almost the identical question made here was decided. There the court ruled that evidence of only verbal authority to sign a bond was properly ruled out, and they say, in the decision, in reply to the suggestion that the bond need not have been under seal, and therefore the authority need not be under seal, "Not so. The question was whether Taylor had authority to sign this bond, *sealed as it is;*" and they held that he had none. This lien of Pollard & Company need not have been under seal; but it is under seal, and the case last cited is directly in point. This case, too, illustrates the wisdom of the rule laid down in that case. Here the actual seller of the fertilizer, the agent of plaintiff, undertook to sign and seal this lien for the buyer, and then to prove the ratification of the act by what the buyer said to him. He is the only direct witness to the ratification. Besides, this is a lien, not a mere single bond; but it operates like a mortgage, and is good, as a promise to pay, for twenty years; and we think that reason, as well as the case of *Rowe vs. Ware*, and the Code, section 2182, require us to affirm the judgment.

Judgment affirmed.