Brown *vs.* Colquitt, governor.

## Brown *vs.* Colquitt, governor.

1. Where to a *scire facias* to forfeit a criminal recognizance a plea was filed by the surety, to the effect that he signed the bond when there was no obligee or penalty stated therein, and that the name of the obligee and amount of the bond had since been inserted, in his absence, such plea was not a general plea of *non est factum*, but a special plea; and the *onus* of sustaining it was on the defendant.
2. Where several criminal recognizances were to be given, and the same surety agreed to sign all of them, and did so, some of them being filled out at the time, and some of them having the name of the obligee and the amount blank, and the surety instructed the sheriff to fill such blanks, knowing the amount and the obligee, and thereupon left, and the blanks were filled accordingly, the bond was not invalid, but was binding on the surety.
(*a.*) The ruling in 14 *Ga.*, 173, will not be extended beyond case there determined.

March 4, 1884.

Principal and Surety.  Bonds.  Contracts.  Principal and Agent.  Before Judge Hutchins.  Walton Superior Court.  August Term, 1883.

Reported in the decision.

James F. Rogers; Ray & Walker, by J. H. Lumpkin, for plaintiff in error, cited, Code, §§2851, 3831, 3454; 14 *Ga.*, 173; 1 Whart. Ev., §633; 1 Dan. Neg. Inst., 154;

30 *Ga.*, 278; 55 *Id.*, 45, 47; 23 Grat., 600; 41 Cal., 85; 6 Allen, 305; 10 Am. R., 268; 13 Am. Dec., 629.

A. L. MITCHELL, solicitor general, by HARRISON & PEE-PLES, for defendant, 14 *Ga.*, 173, and citations; 1 Mees. & W., 464.

BLANDFORD, Justice.

This was a *scire facias* to forfeit a criminal bond upon which plaintiff in error was surety. He answered that he signed this bond when there was no obligee or penalty set forth; that the name of the obligee and the amount of the penalty were inserted therein in his absence. The facts shown were that the sheriff had arrested one Ball, upon six warrants, issued upon six bills of indictment; that plaintiff in error agreed to become his bail; that the sheriff had filled out several bonds, which he had signed; that plaintiff in error signed the sixth bond and instructed the sheriff to insert the name of the obligee and the penalty of fifty dollars, both of which he well knew, and left before the last bond had been filled out.

The court instructed the jury that, under this plea or answer, respondent must make out his case; and further, that, the facts being true, the respondent was liable. These rulings are excepted to by respondent, and error is assigned here thereon.

1. The first error assigned is that the court erred in ruling that, under this answer of respondent, the *onus* was not changed, but that it was incumbent on defendant to sustain his answer. This was a special defence. The signing of the bond is admitted; but respondent insists that he is not bound thereby, for and on account of certain reasons which he sets forth. This is not a general plea of *non est factum*, but special; in such a case, the respondent is bound to sustain his plea by proofs. So the court did not err as complained of in this ground; and this could make no dif-

ference, as the proofs went to the jury and plaintiff in error sustained no harm from this ruling.

2. The next question is graver, and is environed with greater difficulties, which is, where a bond has been signed in blank, with the obligee's name and penalty not inserted, and the obligor directs an officer, who is authorized to take such bond, to insert the name of the obligee and penalty in such bond, in his absence, and this is done, such obligee's name and the amount of the penalty in the bond being known to the obligor when these instructions are given, and the instructions being in parol and not in writing, is such a bond void, or is it binding on the obligor?

In the case of *Ingram vs. Little*, 14 *Ga.*, 173, it was deci- ded by this court that a deed, with the grantor's name signed, and sealed and duly executed, without the grantee's name and the consideration being inserted therein, which was delivered to a third person in this condition, with in- struction to find a purchaser for the land mentioned, and such person was authorized to insert in said deed the name of the purchaser as grantee, also the consid- eration of the purchase, and when such third person had found afterwards a purchaser, in the absence of the grantor, he inserted the name of the purchaser as grantee in this deed, as well as the consideration of the pur- chase money,—that this deed was inoperative to pass title to the land mentioned therein, inasmuch as the per- son who inserted the grantee's name and the consideration in said deed, had no authority under seal to do so. Many English and American cases are referred to by the judge who delivered that opinion, and while he admits that the weight of authority in America is against the decision, yet he insists that the weight of authority in England sus- tains the views he presents in that opinion; but it is quite probable that the learned judge who delivered that opin- ion had not seen the decision in the case, Eagleton *vs.* Gut- teridge, 11 Mees. & Wel., 464 (Exchequer R.)

The case of *Ingram vs. Little* is not to be extended be-

yond the facts therein stated; it is, to say the least of it, doubtful. The case at bar is clearly distinguishable from that case. Here the sheriff was in the act of filling the bond, he had filled up the bonds, which had been signed by respondent, and when he came to fill up the sixth bond, respondent signed the same, saying he was in a hurry to leave; he knew who the obligee was and the amount of the penalty; when he had signed and sealed the paper, he told the sheriff to fill it out, and left. In the case cited, the deed was signed, sealed and delivered to a person who was to find a purchaser for the land, and then to insert the name of the grantee and the consideration in the deed, which was blank; the name of the grantee was unknown to the grantor, as well as the amount of the consideration when he gave the verbal instructions about filling the deed.

A deed may be signed, sealed and delivered by a person under instructions by parol, if the grantor be present at the time, and it will be good to pass title, because the law considers, under such circumstances, the act of the agent to be the act of the principal; it is done at his instance and under his directions, it is his act. Why an act done by an agent under the direction and by the instruction of a person who is not present, when he is not present, is not the act of such person so directing the act to be done, it is not easy to perceive; it is as much his act in the one case as the other. Again, a bond in blank, signed and sealed by a person, and delivered to another with instructions to fill up the blank in a particular way known at the time to the obligor, is equivalent to a warrant of attorney instructing such person to do that particular act. In the particular case here being considered, the act of the obligor in signing the bond and directing the sheriff to fill it up in a particular way, and his leaving, under the facts shown in the record, is equivalent to his being present when the bond was filled out. This being a bond payable to the governor of this state for the forthcoming of a person to

answer a criminal charge, the plaintiff in error is estopped from denying this bond to be his deed. Under the facts of this case, to allow his plea would be to allow him to perpetrate a fraud on the public. And it follows, if we are right in our conclusions, the judgment of the court below must be affirmed.

Judgment affirmed.