## WYATT *v.* WALTON GUANO COMPANY.

1. When a husband, as agent for his wife and by her authority, purchases goods for her use and gives therefor a promissory note to which he affixes his signature followed by the word "agent," and subsequently she gives in its stead her own promissory note, this is not such an assumption by her of her husband's debt as will discharge her from liability on the latter note ; for even if the payee might have had the right to hold the husband individually liable on the former note, the debt thereby created was nevertheless in essence that of the wife, for which she was bound as principal.

2. Where a husband, in the presence of the wife and with her express consent, signs her name to a promissory note which she knows is to be delivered to the payee in settlement of an existing indebtedness for which she herself is individually liable, and such note is delivered in cancellation of the indebtedness, the mere fact that she remarked to her husband, at the time of authorizing him to sign the paper : "You may sign my name to the note, but I will have nothing to do with it," the same not being heard by or communicated to the payee, does not relieve her from liability on the note.

3. The evidence fully warranted the verdict returned by the jury against the wife, and there was no error in overruling her petition for certiorari.

Argued November 21, — Decided December 12, 1901.

Certiorari. Before Judge Hart. Jasper superior court. March 25, 1901.

*Greene F. Johnson*, for plaintiff in error.
*James F. Rogers*, contra.

LEWIS, J. The Walton Guano Company sued Mrs. Mary A. Wyatt, in a justice's court in Jasper county, upon a promissory note signed by her and by Ike Aikens. This note was one of several upon which suit was brought, each signed by Mrs. Wyatt and some other person, and it was agreed that the decision in one suit should control that in all. Mrs. Wyatt filed pleas alleging, (1) that the contract on her part was one of suretyship, and that she, being a married woman, was not competent to make such a contract; (2) that the notes were an assumption of the debts of her husband, and therefore void as to her; (3) that the notes sued on were signed by one I. T. Wyatt, presuming to act as her agent, and that she had given him no authority under seal to sign a sealed instrument for her, the notes sued on being under seal. The case was submitted to a jury in the justice's court, and a verdict was returned in favor of the plaintiff for the amounts sued for. The defendant took the case by certiorari to the superior court; the certiorari was overruled, and she excepted. The answer to the certiorari was traversed, and the traverse was admitted to be true; so that, in getting at the evidence covered by the traverse, we look to the petition and not the answer, the evidence as set up in the traverse being as it appeared in the petition. One point made by the plaintiff in certiorari, however, was not covered by the traverse, and was not admitted or verified by the magistrate. That point was that the magistrate erred in not requiring proof of special authority under seal by the husband to sign the notes in question. Under the well-settled rule of this court, that where there is a conflict between the allegations of the petition for certiorari and the answer of the magistrate, the latter will prevail, we will accordingly not consider the point so made. It appeared from the evidence that the notes sued on were made in renewal of notes which had previously been given for the purchase-money of guano sold by the defendant in error to the plaintiff in error, to be used on her property by her tenants, who were negroes, and with whom the defendant in error had no dealings throughout the transaction; that I. T.

Wyatt, the husband of the plaintiff in error, was her general agent for the transaction of her business;. that the guano company dealt with I. T. Wyatt only as the agent of the plaintiff in error, and extended credit to her, and not to her husband, as he was insolvent; that the original notes were signed " I. T. Wyatt, agent," and that the notes sued on, signed " Mary A. Wyatt," were given in renewal of those notes. It seems that when requested by her husband to sign the renewal notes Mrs. Wyatt refused to do so, but finally said : " Well, you may sign my name to them, but I will not have anything to do with them." This statement, however, was not made in the presence of any agent of the guano company, nor does it appear to have been communicated to any one connected with the company. One witness testified that he was present when the notes sued on were signed; " that I. T. Wyatt took the notes and the pen and ink, and walked in the back veranda and squatted down by his wife's side where she was sitting in a chair, and the notes were signed while they were in this position," but the witness was unable to tell which one signed the notes. At all events, it appears that Mrs. Wyatt knew that the notes had been given, with her name signed to them, but she made no effort to repudiate them or to warn the company that she did not hold herself bound by them.

1. There is nothing in the contention of counsel for the plaintiff in error that the notes sued on were given as an assumption by Mrs. Wyatt of the debt of her husband. Granting, for the sake of the argument, that I. T. Wyatt might have been held liable on the original note signed by him as agent, it is still true that the guano was sold in the first place upon credit extended to Mrs. Wyatt, and not to her husband. While she may not have been liable upon the note signed by her husband, the debt for the purchase-money of the guano was nevertheless her debt, and in giving the notes sued on she was promising to pay her own debt, and the fact that her husband had previously given notes signed by himself as agent, for the same consideration, can not relieve her from liability on her subsequent obligation.

2, 3. The evidence was amply sufficient to warrant the verdict. While Mrs. Wyatt may have objected at first to signing the notes sued on, it seems clear that she finally acquiesced, and the fact that she said to her husband : " You may sign my name to them, but I

will not have anything to do with them," can not alter her liability, especially as the guano company was kept in ignorance of any intention on her part to repudiate the notes. Aside from this, the jury were fully authorized to find that the notes, if not signed by Mrs. Wyatt, were signed in her presence and by her authority, and that therefore they were her own notes. See *Reinhart* v. *Miller*, 22 *Ga.* 402; *Brown* v. *Colquitt*, 73 *Ga.* 62. In view of all that appears in the record, we conclude that the proper result was reached on the trial of the case in the magistrate's court, and that the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.     All the Justices concurring.*