## ATLANTA, KNOXVILLE AND NORTHERN RAILWAY COMPANY *v.* McKINNEY.

|124|929|
|126|217|

|124|929|
|128|390|

|124|929|
|130|139|

1.  The purchaser of the water rights upon a parcel of land covenanted with the vendor, who was the owner of an adjacent lot, to "carry and convey sufficient water to the residence [of the covenantee] for the ample use and accommodation of said residence and its occupants."  *Held*, that the covenant to supply the residence with water ran with the land, and bound the successor in title of the covenantor.
2.  Where lands are conveyed by indenture to a person who does not sign the deed, yet if he enter upon the land and accept the deed in other matters, he will be bound by covenants contained in it.

3. Covenants are to be so construed as to carry into effect the intention of the parties, which is to be collected from the whole instrument, and the circumstances surrounding its execution.

4. Applying this rule of construction to the instrument in the present case, the covenant was that the water to be supplied by the covenantor was to be water derived from the water rights which were the subject-matter of the agreement between the parties.

5. Under the provisions of the Civil Code, § 3599, a seal is not an essential requisite to a deed.

6. The instrument containing a covenant need not be under seal.

7. A right of action by the covenantee against the successor in title of the covenantor, upon a covenant running with the land, which is contained in a deed not signed by the covenantor, is barred in six years from its breach.

8. The petition set forth a cause of action for the breach of a continuing covenant, but upon the trial the plaintiff will not be allowed to recover for a period exceeding six years preceding the filing of the suit.

Argued January 18,—Decided February 19, 1906.

Action on contract. Before Judge Gober. Fannin superior court. May 26, 1905.

McKinney brought suit against the Atlanta, Knoxville and Northern Railway Company, and alleged: On September 13, 1886, Andrew W. Green conveyed to petitioner the exclusive right to the use and control of all the springs and branches upon a described lot of land in Fannin county, for the purpose of being used on an adjacent lot of land. On November 12, 1888, petitioner conveyed to the Marietta and North Georgia Railroad Company the right to the use of water from the branches and springs on the said lot of land, for the purpose of supplying its water-tank at Blue Ridge, Ga., "in consideration of the fact that said Marietta & North Georgia Railroad Company shall carry and convey sufficient water to the residence of said McKinney for the ample use and accommodation of said residence and its occupants." It is further alleged that the Atlanta, Knoxville and Northern Railway Company purchased all the property, rights, and franchises of the Marietta and North Georgia Railroad Company at a receiver's sale, and became thereby bound by all the conditions of the above-described deed, and that for more than four years and ever since the purchase of the Marietta and North Georgia Railroad the defendant has been continuously using the water conveyed in the above-described deed, and that neither the defendant nor its assignor ever carried water to the residence of petitioner. Petitioner claimed, as damages for the breach

of the covenant, $500 as the cost of conveying the water to his residence as contemplated in the deed, and the value of the use of the water at the rate of $25 per year since November 12, 1888, the date of the covenant. The defendant demurred generally to the petition, and specially to that portion seeking damages for the cost of conveying the water to the petitioner's residence. The special demurrer was sustained, and the general demurrer overruled. To the judgment overruling the general demurrer the defendant excepted.

*Clay & Blair* and *William Butt,* for plaintiff in error.

*J. Z. Foster, Thomas A. Brown,* and *DuPree & Dobbs,* contra.

COBB, P. J. (After stating the foregoing facts.) The right of action of the petitioner depends upon whether or not the covenant to convey water to his residence is a covenant running with the land. If it is a real covenant, he may recover for its breach against the assignee of the covenantor. If it is only a collateral or personal covenant, he has no cause of action. The determination of a question of this character is usually one of some difficulty. "All covenants are either real or personal. Those so closely connected with the realty that their benefit or burden passes with the realty are construed to be covenants real; all others are personal." 11 Cyc. 1052. "Whether a covenant will or will not run with the land does not, however, so much depend on whether it is to be performed on the land itself, as on whether it tends directly or necessarily to enhance its value or render it more beneficial and convenient to those by whom it is owned or occupied." Ibid. 1081. "Covenants, in order to run with the land, must, however, relate to the interest or estate, so that their performance or non-performance will affect the quality, value, or mode of enjoyment of the estate." 8 Am. & Eng. Enc. L. 139. These definitions are founded directly upon Spencer's case, 5 Coke, 16, 1 Smith's L. C. (9th ed.) 174, or upon authorities derived therefrom. The rule as there laid down is as follows: "When the covenant extends to a thing in esse, parcel of the demise, the thing to be done by force of the covenant is quodammodo annexed and appurtenant to the thing demised, and shall go with the land and shall bind the assignee although he be not bound by express words; but when the covenant extends to a thing which is not in being at the time the demise is made, it can not be appur-

tenant or annexed to the thing which hath no being." In the case of *Atlanta Con. St. Ry. Co.* v. *Jackson,* 108 *Ga.* 638, Mr. Chief Justice Simmons said: "To constitute a covenant running with the land, the covenant 'must have relation to the interest or estate granted, and the act to be done must concern the interest created or conveyed.' 1 Ballard, Real Prop. §491. In 2 Kerr on Real Prop. §1218, it is said: 'Of the covenants in a lease some run with the land, while others are binding only upon the person. . . In order that it may run with the land, its performance or non-performance must affect the nature, quality, or value of the property demised, independent of collateral circumstances, or it must affect the mode of enjoyment, and there must be a privity between the contracting parties.'"

In the present case the thing demised was the right to the use of water from springs and branches upon a certain lot of land for the purpose of supplying a water-tank. The covenant, the breach of which is alleged, was the agreement to convey a part of the water to the residence of the plaintiff. Under the rules above laid down, we think it is clear that this is a covenant running with the land. It measures up to every test suggested. It not only relates to the interest or estate conveyed; it is inseparably annexed to and a part of it, a charge upon it. It affects the nature, quality, and value of the thing demised. It qualifies its mode of enjoyment; it restricts its use. It is inextricably woven into the manner in which the grantee shall enjoy the thing demised. "A covenant by a lessor to supply houses with water at a rate therein mentioned for each house also runs with the land, and for a breach of it the assignee of the lessee may maintain an action against the reversioner." 1 Taylor's L. & T. 330, citing Jourdain *v.* Wilson, 4 B. & A. 266. See generally, upon covenants, the following authorities: Notes to Gibson v. Holden (Ill.), 56 Am. Rep. 151; notes to Geiszler *v.* De Graaf (N. Y.), 82 Am. St. Rep. 664; Bronson *v.* Coffin (Mass.), 11 Am. Rep. 335; Winfield *v.* Henning, 21 N. J. Eq. 188; Kellogg *v.* Robinson (Vt.), 27 Am. Dec. 550; Gilmer *v.* Mobile & Montgomery Ry. Co. (Ala.), 58 Am. Rep. 627; *Perkins Mfg. Co.* v. *Williams,* 98 *Ga.* 391; *Ga. So. Ry.* v. *Reeves,* 64 *Ga.* 492; *Howard Mfg. Co.* v. *Water Lot Co.,* 53 *Ga.* 689. In the case of Cooke *v.* Chilcott, L. R., 3 Ch. Div. 694, it is said: "A purchaser of a piece of land with a well or spring upon it covenanted with the vendor,

who retained land adjoining intended to be disposed of for building
sites, to erect pump and reservoir, and to supply water from the
well to all houses built on the vendor's land. Held, that both the
benefit and burden of the covenant ran with the land, and that the
case was not within the second resolution of Spencer's case." See
also, Shaber v. St. Paul Water Co., 30 Minn. 179.

The second rule in Spencer's case is stated: "but when the cov-
enant extends to a thing which is not in being at the time the
demise is made, it can not be appurtenant or annexed to the thing
which hath no being;" and this rule was urged as a sufficient reason
for holding that the covenant in the present case was not one run-
ning with the land. This rule has been severely criticised by va-
rious courts of this country and of England. See American notes
to Spencer's case, 1 Smith's Leading Cases (9th ed.), 186 et seq.;
Aikin v. Albany, Vermont & Canada R. Co., 26 Barb. (N.Y.) 294;
Masury v. Southworth, 9 Ohio St. 350; *Willcox* v. *Kehoe,* 124 *Ga.*
484. But in the present case the facts did not make out a covenant
extending to a thing not in esse. The demise is of the right to con-
vey water from certain springs and branches to a water-tank. The
covenant is to convey a part of such water to the plaintiff's resi-
dence. The covenant extends to the water to be conveyed to the
plaintiff's residence. The water is the subject-matter of the cove-
nant. The manner of conveying it is not even specified. The fact
that the machinery for so conveying the water was not in existence
does not bring the covenant within the second rule of Spencer's
case. There is an element of futurity in every covenant; a coven-
ant is a promise to do. The manner of its performance is of course
contemporaneous with its performance, and it is immaterial whether
the means upon which the manner of its performance is dependent
be or be not in existence at the time the covenant is made.

Another objection urged against the alleged covenant was that
the deed of conveyance was a unilateral contract, and that no under-
taking of the grantee in the deed, the covenantor in the present·
case, could be construed to be more than a simple contract, as he
neither signed nor sealed the instrument. Unquestionably, in some
jurisdictions, this would be a good objection. It has been held that
the mere acceptance of a deed poll will not bind the grantee therein
as a covenantor. See 8 Am. & Eng. Enc. Law, 65, and cit.; contra,
11 Cyc. 1045, and cit. But this question is not open in this State,

this court having adopted the rule stated in Taylor on Landlord and Tenant, §245. "It [a covenant] can only be created by deed, but may be by a deed poll (the party named in the deed) as well as by indenture; but where lands are conveyed by indenture to a person who does not seal the deed, yet if he enters upon the land, and accepts the deed in other matters, he will be bound by the covenants contained in it." *Georgia Southern Railroad* v. *Reeves,* 64 *Ga.* 494.

Another contention of the defendant was that the language of the instrument should not be construed as a covenant to supply to the plaintiff's residence water derived from the water rights conveyed to the defendant, but that under the instrument the defendant might supply water from any locality whatever. If this construction were correct, the covenant would undoubtedly be collateral, personal, and independent of the land; but we do not think it a fair construction of the deed. "Covenants are to be so construed as to carry into effect the intention of the parties, which is to be collected from the whole instrument and from the circumstances surrounding its execution." 11 Cyc. 1051, and cit., Peden *v.* Chicago Ry. Co. (Iowa), 5 Am. St. Rep. 680. The covenant in question reads: "The said M. McKinney, for and in consideration of the fact that said Marietta & North Georgia Railway Company shall carry and convey sufficient water to the residence of the said McKinney for the ample use and accommodation of said residence and its occupants, then and in that event the said M. McKinney hereby grants, sells, and conveys unto said Marietta & North Georgia Railway Company the right to the free and unrestricted use of water for the supplying of the railroad water-tank at Blue Ridge, in said county, with ample and sufficient water for their use from all the springs and branches for the use of said company," etc. It seems to us apparent that it was the intention of the parties that the water conveyed to the plaintiff's residence should be from the springs and branches which were the subject-matter of the agreement. The grantor reserves what might be said to be the first lien upon the water, and it is only after the needs of his residence are satisfied that the defendant is given the unrestricted use of the branches and springs. It would be unreasonable to hold that the intention of the parties expressed in this instrument was that the water furnished to the plaintiff was to be derived from another locality, and conveyed by separate machinery to the plaintiff's residence.

The instrument containing the covenant recites that it is given under the hand and seal of the grantor, and it is properly witnessed, but after the signature there appears no seal, neither a scrawl nor the usual "(L. S.)." It was contended that the instrument was not a sealed instrument, and that no covenant could arise except under seal. Some device must follow the signature, which is intended as a seal, to constitute the instrument a sealed instrument. *Ridley* v. *Hightower,* 112 *Ga.* 479, and cit. Can a covenant be created in this State by a writing not under seal? The requisites of a deed in this State are declared by the code to be as follows: "A deed to lands in this State must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser or some one for him, and be made on a valuable or good consideration. The consideration of a deed may be always inquired into when the principles of justice require it." Civil Code, § 3599. Seals are a relic of that period when men, as a rule, could not write. For an historical treatise upon seals see the learned opinion of Mr. Chief Justice Lumpkin in the case of *Lowe* v. *Morris,* 13 *Ga.* 147. When signatures became common acquirements, a seal was supposed to import a solemnity to the act of signing and a deliberation upon the contents of the instrument. The law still maintains this fiction in many instances, notably in the application of statutes of limitation. As a matter of fact, what is commonly used as a seal in Georgia is a printed word, or the letters "L. S.," which are already upon the blank form of instrument. Hence we have the anomaly of an instrument sealed before its provisions are written, or even known; and the supposed solemnity attendant upon the signing vanishes, as does the serious deliberation upon its contents. But the custom of sealing was so firmly fixed in the common law that we have inherited the superstition of its necessity. This finds expression in many opinions where it has been said, but always as obiter, that signing, sealing, and delivery are necessary elements in a deed. In no case in the reports of this court, so far as the writer has been able to find, has it been held, where the point was raised, that a seal is necessary to the validity of a deed. See, in this connection, *Vizard* v. *Moody,* 119 *Ga.* 923. In the absence of such a holding, we think the section of the code quoted above is controlling, and that no seal is necessary to convey an estate or interest in lands in Georgia. It follows that if a deed is valid in the absence of a seal,

a covenant not under seal is binding as a covenant. "An express covenant can only be created by deed, which, in order to effect the validity of the covenant, must itself be valid and binding. 11 Cyc. 1044.

The demurrer also raises the objection that the action was barred by the statute of limitations. To determine this question it is necessary to ascertain when the cause of action arose. And this depends upon when the covenant was broken. A right of action for the breach of a covenant accrues at the time of the breach, which may be but is not always the time of the execution of the instrument containing the covenant. In the case of covenants of title which are broken as soon as made, if broken at all, the right of action accrues immediately upon the execution of the instrument containing the covenant. When the covenant runs with the land, the right of action accrues at the breach, whether that occur at the time of the execution of the instrument or subsequently. 11 Cyc. 1134. The covenant in the present case was to supply the residence of the plaintiff with water from the water supply referred to in the instrument. It was not a covenant to erect appliances necessary for that purpose. If so, there would have been a breach of the covenant after the lapse of a reasonable time for the erection of suitable appliances, and the statute would have begun to run from that date. But the covenant was to supply the water from day to day and from year to year. It was a continuing covenant. After the lapse of a reasonable time for the covenantor to provide suitable means for conveying the water to the residence of the plaintiff, an obligation arose on the part of the covenantor to supply the water. Its failure to do so was a breach of the covenant. The plaintiff's right of action would accrue from day to day and year to year, as long as the failure continued, and the fact that a portion of the claim of the plaintiff would be barred by the statute of limitations would not prevent him from recovering for that part which had not become barred at the time suit was filed. In Shaber *v.* St. Paul Water Co., 30 Minn. 184, Berry, J., in dealing with a case involving a covenant similar to the one under consideration, said: "These are therefore continuing covenants, and for that reason, and because they run with the land, the damages from their breach accrue to him who holds the property when the breach occurs,—or, in other words, to the person injured,—and to him the right of action therefore neces-

sarily belongs.   Jeter *v.* Glenn, 9 Rich. (S. C.) Law, 374.   In this respect they are analogous to covenants for quiet enjoyment and warranty, which inure to the protection of the owner for the time being of the estate which they are intended to insure.   Rawle on Covenants, 352, and citations."

It now becomes necessary to determine what statute of limitations would bar the right of action.   The instrument creating the covenant not being under seal, the period of limitations applicable to specialties, twenty years, would not apply.   The only other provisions of the statute of limitations that could possibly be applicable are the ones which relate to simple contracts in writing, fixing the period of limitations at six years, or the one fixing the limitation for an action upon a breach of a contract not under the hand of a party, or upon an implied assumpsit or undertaking, at four years. Civil Code, §§ 3767-3768.   The limitation of four years is applicable to a cause of action arising out of a transaction where there are no writings.   In the present case there is a writing, but it is not under the hand of the person sought to be charged, nor of its predecessor in title.   But it is a contract in writing, and the defendant is bound by its terms.   It is more nearly analogous to a simple contract in writing than it is to a verbal undertaking.   The period of limitation would be six years, instead of four.   The judge properly overruled the demurrer, because the petition set out a cause of action.   But upon a trial the plaintiff will not be allowed to recover for a breach extending for more than six years before the filing of his suit.                *Judgment affirmed.   All the Justices concur.*