## NEELY & COMPANY *v.* STEVENS.

FISH, C. J. 1. The authority of an agent to execute a sealed instrument must itself be under seal, although the instrument may evidence a contract not required by law to be under seal; and ratification of such instrument, to be binding upon the principal, must also be under seal. *Overman* v. *Atkinson,* 102 *Ga.* 750, and citations; *Lynch* v. *Poole,* ante, 303 (75 S. E. 158), and citations.

2. By the terms of a contract under seal N. & Co. purchased from S., who signed the contract and agreed to deliver, at a certain price, 50 bales of cotton, within a given time and at a stated place. The contract was executed on behalf of N. & Co. by W. without authority under seal. S. delivered 25 bales to N. & Co. in accordance with the contract, and received from them the stipulated price therefor, but refused to deliver the balance. N. & Co. brought an action against S. for a breach of the contract, in which damages were laid in the amount of the difference between the contract price of the cotton not delivered and its market value at the time and place for delivery. On the trial it appeared that there was no ratification by N. & Co., under seal, of the execution of the contract by W., nor did it appear what the market value of the 25 bales was at the time they were delivered, accepted, and paid for, whether it was more or less than the contract price. *Held:* As N. & Co. were not originally bound under the contract, because of want of authority, under seal, in their agent to execute it under seal, and as they never ratified it under seal, the contract was unilateral, and was as to S. nothing more than an offer to make a contract. (*Sivell* v. *Hogan,* 119 *Ga.* 167 (46 S. E. 67); *Huggins* v. *Southeastern Cement Co.,* 121 *Ga.*

311 (48 S. E. 933)); and the plaintiffs were therefore not entitled to recover.          *Judgment affirmed. All the Justices concur.*
·JUNE 13, 1912.

Complaint.. Before Judge Littlejohn. Schley superior court. April 10, 1911.

*E. A. Hawkins,* for plaintiffs. *George P. Munro,* for defendant.

