### HENDERSON et al. v. HOWARD.

ATKINSON, J.  1. The absence of a seal from a deed conveying land· will not alone render the deed void. *Atlanta &c. Railway Co.* v. *McKinney*, 124 *Ga.* 929 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215); Civil Code, § 4179. Yet where a deed conveying land is executed under seal by a person other than the grantor, in pursuance of a power of attorney signed by the grantor, but the paper relied on as a power of attorney was not executed under seal, the deed so executed is not binding upon the purported grantor. *Lynch* v. *Poole*, 138 *Ga.* 303 (75 S. E. 158); *Pollard* v. *Gibbs*, 55 *Ga.* 45; *Neely* v. *Stevens*, 138 *Ga.* 305 (75 S. E. 159).

2. Applying the principle announced in the preceding note, there was no error in rejecting a paper relied on as a deed from the plaintiff to the defendants, purporting to convey the land in question.

3. The plea filed by the defendants set up title by. gift from the plaintiff, who was their mother. Though not uncontroverted, there was evidence to the following effect: Plaintiff had several children to whom she desired to give certain lands in severalty. They all came together and assented to a plan of division whereby certain farm lands were to go to other children, and certain city lots, the land in dispute, should go to defendants. Deeds were duly executed to each of the other children; but not having sufficient data for describing the city lots, no deeds were made to defendants. However plaintiff executed a power of attorney as indicated in the preceding note, and the attorney in fact undertook to execute a deed as there mentioned. All of the children including defendants were given possession of their respective parcels. Several months thereafter, complaint for land was instituted by the donor against the defendants, at the instigation of one of the sons. Without stating his authority to do so or the date, that son testified that he demanded possession of the land from defendants, which they refused, and that the property was worth five dollars per month for rent. There was no other evidence on this subject. The plaintiff was eighty-three years of age, feeble, of weak mind, and under influence of the son last mentioned. The plaintiff did not testify, and there was testimony that she did not authorize the suit. The court directed a verdict for the plaintiff for the land and a specified amount as mesne profits. *Held*, that this was erroneous.

*Judgment reversed. ·All the Justices concur, except Fish, C. J., absent.*
No. 83.  NOVEMBER 17, 1917.

Ejectment.   Before Judge Munro.   Muscogee superior court. December 30, 1916.

*Hatcher & Hatcher,* for plaintiffs in error.

*W. H. McCrory* and *J. E. Chapman,* contra.