## PATTERSON *et al. v.* BURNS.

1. Where in 1861 land was conveyed in trust for the sole and separate use of the grantor's daughter for her life, and on her decease to her named husband; and where in 1864 a warranty deed conveying the same land, in the body of which only her name appeared as grantor, was executed by her with the letters (L. S.) next to her signature, immediately under which signature the husband signed his name without seal or scroll, the attesting clause reciting that the instrument was signed, sealed, and delivered in the presence of the two attesting witnesses, the remainder interest of the husband passed thereby.
2. The remainderman and his heirs at law were estopped, by his signature to the deed, from afterward asserting any interest that he had in the land conveyed by the instrument he so signed, as against the grantee therein and his privies in estate.
3. It was not error to direct the verdict for the defendant.

> No. 1780. MAY 13, 1920.

Ejectment. Before Judge Lovett. Bulloch superior court. October term, 1919.

*A. S. Anderson* and *Strange & Metts,* for plaintiffs.
*Deal & Renfroe* and *Fred T. Lanier,* for defendant.

FISH, C. J. On March 12, 1861, Abraham Mincey conveyed a described parcel of land to Augustus M. Mincey in trust for the use and benefit of Celia Ann Patterson, daughter of the grantor and wife of John L. Patterson, for and during her life, "exempt

from the marital rights of said John L. Patterson or any future husband Celia Ann Patterson may have, for her sole and separate use, and on her decease to said John L. Patterson. . . To have and to hold the above-described property to him, the said Augustus M. Mincey, in trust for the said Celia Ann Patterson, as above specified, forever free from the debts, liabilities, obligations, and contracts of the present or future husband of the said Celia Ann Patterson." On November 8, 1864, a deed was executed, in the body of which Celia Ann Patterson appeared as the only grantor, and in which she conveyed, in consideration of $3,000, the same land described in such trust deed, to A. B. Riggs, his heirs and assigns, "to have and to hold the above-granted premises to the said A. B. Riggs, his heirs and assigns, in fee simple." This deed contained a general warranty of title. The instrument concluded as follows: "In testimony whereof the said Celia Ann Patterson has hereunto set her hand and seal. Signed, sealed, and delivered in presence of:

| | |
|---|---|
| John Buie, J. P. | Celia Ann Patterson (L. S.). |
|     his | John L. Patterson. |
| Abraham x Mincey.    . | Augustus Mincey, Trustee." |
|     mark | |

United States internal revenue stamps were affixed.

Celia Ann Patterson died on December 6, 1913. Afterwards J. D. Patterson et al., as heirs at law of John L. Patterson, deceased, brought an action to recover the portion of the land aforementioned, against J. D. Burns, who claimed under successive deeds from A. B. Riggs, the grantee in the last deed above referred to.

1. "A deed to lands in this State must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser, or some one for him, and be made on a valuable or good consideration." Civil Code, § 4179. "No prescribed form is essential to the validity of a deed to lands or personalty. If sufficient in itself to make known the transaction between the parties, no want of form will invalidate it." § 4182. "One who signs, seals, and delivers a deed, though not named therein as a grantor, is still bound as a grantor, and the deed is operative as a conveyance of his estate." *Sterling* v. *Park*, 129 *Ga.* 309 (58 S. E. 828, 13 L. R. A. (N. S.) 298, 121 Am. St. R. 224, 12 Ann.

Cas. 201). The material facts in that case were similar to those in the present case, except here it does not appear that any seal or scroll followed the name of John L. Patterson, the remainderman, who signed the last deed. This difference does not put the present case beyond the ruling made in the case cited, as, under the code sections above cited, a seal is not one of the requisites of a deed, and it has been so held. *Vizard* v. *Moody*, 119 *Ga.* 918 (6), 923 (47 S. E. 348) ; *Atlanta, Knoxville & Northern Ry. Co.* v. *McKinney*, 124 *Ga.* 929 (5), 935 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215) ; *Henderson* v. *Howard,* 147 *Ga.* 371 (94 S. E. 251). It follows that the remainder interest of John L. Patterson passed under the deed so signed by him.

2. Moreover, John L. Patterson and his heirs at law were estopped, by his signature to the deed, from afterwards asserting any interest that he then had in the land conveyed by the instrument signed by him, against the grantee therein and his privies in estate, as the same rule of estoppel applies to him as to one who attests a deed, where " there is a presumption that he knows of its contents; and unless this presumption is removed, he is estopped from asserting against the grantee therein an interest based on any right then outstanding in himself." *American Freehold Land Mortgage Co.* v. *Walker,* 119 *Ga.* 341 (46 S. E. 426), and cases cited.

3. On the undisputed facts the trial judge did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*