## UNITED LEATHER COMPANY *v.* PROUDFIT.

1. An instrument executed under seal by an agent, in order to be valid, must be accompanied by the agent's authority also under seal. And this is true notwithstanding the contract executed is not required to be under seal.
2. There is nothing alleged in the petition which can be held a ratification of the contract or that will work an estoppel by conduct on the part of the defendant.
3. The court did not err in dismissing the petition on demurrer.

No. 2217. APRIL 14, 1921. REHEARING DENIED MAY 13, 1921.

Equitable petition. Before Judge Mathews. Bibb superior court. August 21, 1920.

United Leather Company, a Georgia corporation, brought an equitable petition against Mrs. Bessie N. Proudfit, to recover $2044.44 damages for breach of an alleged contract, or to reform the contract. The petition alleged, in substance, that Willingham Loan & Trust Company, as agent for Mrs. Proudfit, executed a contract for and in behalf of Mrs. Proudfit, by which a certain storehouse situated in the city of Macon was leased to the plaintiff for the term of five years commencing October 1, 1919, and ending September 13, 1924. By the terms of the contract the plaintiff agreed to pay the defendant a rental for the first thirty-six months in the sum of $50 per month, and for the next twenty-four months in the sum of $60 per month. Contemporaneously with the execution of the lease contract the plaintiff made and executed its sixty promissory notes payable to the defendant through her agent, which notes were signed by plaintiff and due as above stated. The notes were delivered to the agent for the defendant, and were accepted by the agent for the defendant. The defendant refused to deliver the plaintiff possession of the premises, although demand for possession was made upon her. Defendant notified plaintiff that she would not perform the contract, and re-rented the premises. By reason of the failure of the defendant to comply with the con-

tract plaintiff has been damaged in the sum set out above. Willingham Loan & Trust Co. was duly authorized and empowered by the defendant to enter into the contract to rent the property to the plaintiff upon the terms stated. The terms of the contract agreed upon by plaintiff and defendant through the latter's agent were reduced to writing by the agent upon a written form entitled " Standard Lease Contract," and the agreement was signed by the " Willingham Loan & Trust Co., Agents for Mrs. Bessie N. Proudfit (Seal), United Lea. Co., by Harry Doctor, Sec. & Treas. (Seal)." The authority of Willingham Loan & Trust Co. to execute the contract as agent for the defendant was not under seal, but it was the intention of both parties to the contract to execute an instrument which would make a valid and binding contract for the rental of the building; and if allowing the printed words with reference to the sealing of the instrument to remain has the effect to render the contract invalid by reason of want of authority of the agent to execute a sealed instrument, the words were allowed to remain in the instrument by a mistake of law as to the effect of the instrument on the part of the contracting parties, and operated as a gross injustice to the plaintiff and caused an unconscientious advantage to the defendant. It was the intention of both parties to make the instrument a good and valid contract for the rental of the storehouse; and if they failed to do so, it was in consequence of a mutual mistake of law upon the subject, which should be relieved in equity and the instrument reformed to make the same binding and legal.

The defendant demurred to the petition, upon the ground, among others, that it " appears from the petition that the contract sued upon was an instrument under seal, executed by an alleged agent whose alleged authority was not under seal; and said petition contains no allegation sufficient, either in law or equity, to make said contract binding upon this defendant, or to justify a court of equity in reforming said alleged contract so as to make it binding upon this defendant." The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

*Harris, Harris & Witman,* for plaintiff.

*Ryals & Anderson,* for defendant.

HILL, J. Willingham Loan & Trust Co., as agent for Mrs. Proudfit, executed a lease contract under seal for a certain store-

house for the term of five years, and took notes, as agent, from the lessee, United Leather Co., payable to the principal each month. No authority from the principal to execute the contract *under seal* appears from the petition. Was the contract, therefore, invalid because authority under seal from the principal to the agent to execute the contract did not accompany the instrument?

A deed to lands is not required to be under seal in this State. Civil Code (1910), § 4179; *Atlanta &c. Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (5), 935 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215); *Henderson* v. *Howard,* 147 *Ga.* 371 (94 S. E. 251). A lease contract to land for years is likewise not required to be executed under seal. But the agent in the instant case did execute the lease under seal. This court has held a number of times to the effect that where an instrument is executed by an agent under seal, the authority of the agent to so execute must likewise be under seal, even though the contract executed is not required to be under seal, in order to give validity to the contract. *Ingram* v. *Little,* 14 *Ga.* 173 (58 Am. D. 549); *Rowe* v. *Ware,* 30 *Ga.* 278; *Pollard* v. *Gibbs,* 55 *Ga.* 45; *McCalla* v. *American Freehold Land &c. Co.,* 90 *Ga.* 113 (15 S. E. 687); *Overman* v. *Atkinson,* 102 *Ga.* 750 (29 S. E. 758); *Lynch* v. *Poole,* 138 *Ga.* 303 (75 S. E. 158); *Neely* v. *Stevens,* 138 *Ga.* 305 (75 S. E. 159); *Henderson* v. *Howard,* supra. And there is good reason for this. An action on a simple contract not under seal (a promissory note for instance) must be brought within six years. Civil Code (1910), § 4361. But in a contract under seal the action can be brought at any time within twenty years. Civil Code (1910), § 4359. A "specialty" is a contract under seal. Civil Code (1910), § 4219. Therefore, when the agent in the present case executed the contract under seal, which it was not authorized to do by an instrument under seal, the agent made it a "specialty" which could, if valid, be sued on at any time within *twenty* years. And this act on the part of the agent increased the liability which would be incurred under a simple lease contract, and the principal can not be thus bound without specific authority accompanying the execution of the contract, or by some act of ratification, which we will consider later. It can not be assumed, merely because the contract was executed under seal, that the *presumption* is that it was done by authority of the principal. The principal repudiated it by her demurrer at the earliest possible time.

But the plaintiff insists that the case of *Drumright* v. *Philpot,* 16 *Ga.* 424 (60 Am. D. 738), being older than the cases cited above, with the exception of the *Ingram* case, is controlling, inasmuch as the *Ingram* case has been "virtually repudiated" by this court. In the *Drumright* case the trial judge was requested to charge as follows: "That an authority by deed is necessary, in order to bind the principal under seal; also that a partner, though the articles of partnership were under seal, is not empowered to bind his co-partners by deed, without an authority of as high a nature. That if the principal acknowledged that he gave the agent authority to execute a deed, yet the acknowledgment itself is not sufficient to prove it, without the production of an authority under seal." He declined to do so, and exception was taken to such refusal. This court, speaking through Judge Lumpkin, held that such refusal to charge was not error, and affirmed the judgment of the lower court. It is true that the *Ingram* case, which is older and holds to the contrary, has been criticised; but so far as we are aware, it has never been expressly overruled by this court, and is authority on the question at issue as much as any of the other cases cited above. In delivering the opinion of the court in the *Drumright* case Judge Lumpkin said: "It is not my present purpose to controvert the old rigid doctrine of the common law, which asserts that no prior authority or subsequent ratification, either verbal or by writing, without seal, is sufficient to give validity to an instrument as the deed of the party. I yielded a reluctant assent to this threadbare technically [technicality], in *Ingram* vs. *Little*" (supra).

But even in the *Drumright* case Judge Lumpkin said (16 *Ga.* 431) : "If the act of one partner be a good and valid act in itself, it will not be rendered the less so, if done by a specialty, *provided the seal do not vary the liability.*" (Italics ours.) As pointed out above, the seal does increase the liability in the instant case. And it is worthy of mention in this connection that the learned Judge who delivered the opinion in the *Drumright* case also presided in the case of *Rowe* v. *Ware,* 30 *Ga.* 278, where the principle ruled in the *Ingram* case, while not mentioned specifically, was adhered to without dissent, and by a full bench. In *Brown* v. *Colquitt,* 73 *Ga.* 59 (54 Am. R. 867), Blandford, J., in discussing the *Ingram* case said: "The case of *Ingram* vs. *Little* is not to be extended beyond the facts therein stated. It is, to say the least of it, doubt-

ful." And he then proceeded to distinguish the *Brown* case from the *Ingram* case.

In *Smith* v. *Farmers Mutual Ins. Asso.,* 111 *Ga.* 737 (36 S. E. 957), Mr. Justice Cobb, after discussing the *Brown* case, supra, said that " The case of *Ingram* v. *Little* is expressly referred to in the opinion, and the doctrine therein announced virtually repudiated. In *Weaver* v. *Carter,* 101 *Ga.* 213, Mr. Chief Justice Simmons says, in effect, that the decision in *Ingram* v. *Little* was practically overruled in *Brown* v. *Colquitt.* . . It may be safely said, in view of the foregoing, that the doctrine announced in *Ingram* v. *Little* is not, at this time, to be regarded as the law of this State." Thus it will be seen that the learned judges who have written about the *Ingram* case have dealt it some terrific blows; but the fact remains that it has never been expressly overruled by this court, nor has the legislature of the State changed the law. And until this is done, it must be recognized as the law of Georgia. And the doctrine announced in the *Ingram* case has been followed in cases subsequently to the cases in which the *Ingram* case was criticised. See the *Lynch* and *Neely* cases in 138 *Ga.,* and the *Henderson* case in 147 *Ga.,* supra. The *Drumright* case proceeds upon the idea that the execution of a deed must be under seal; but, as shown above, that is not necessary in this State. And the rule laid down in that case has never been followed in this State.

It was said by Mr. Justice Evans in *Lynch* v. *Poole,* supra, that if an instrument executed by an agent be under seal, the agent's authority to make it must likewise be under seal, although it may evidence a contract not required to be under seal to give it validity; citing *Pollard* v. *Gibbs,* 55 *Ga.* 45. And that is this case. Whatever the rule may be in other jurisdictions, this court has held, with the exception of the *Drumright* case, that where an agent executes an instrument, whether it is required to be under seal or not, his authority to execute under seal must also be under seal, And the *Ingram* case, being older than the *Drumright* case, will control.

We are asked to examine and overrule the cases holding to the contrary of the *Drumright* case. We have examined these cases, and decline to overrule them.

2. It is argued that even if the ruling in the *Ingram* case, and the other cases of like import, is not to be overruled, the defendant

has ratified the act of the agent and she is still bound by the contract, inasmuch as rent notes were executed by the lessee, payable to the lessor, and were delivered to the agent for the lessor. There is nothing in the record to show that the defendant has ever ratified the execution of the rent notes by accepting them verbally, in writing, or otherwise. On the contrary, it is alleged that she declined to yield possession of the premises to the plaintiff under the contract; and there is no allegation that she did anything which could be held a ratification of the contract executed by the agent under seal, or that the defendant has estopped herself in any way. In fact her whole attitude, as gathered from the whole petition, is one of repudiation of the entire contract.

The court did not err in sustaining the demurrer and in dismissing the case.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*