### ROBERTS *v.* BURNETT *et al.*

HINES, J. 1. The petition set forth an equitable cause of action for partition against the cotenants of the petitioners.

2. The petition set forth an equitable cause of action against the defendant, Charles F. Roberts, for setting aside or cancelling his lease of the lands sought to be partitioned, as to all the owners of these lands except the lessor.

Abatement and Revival, 1 C. J. p. 37, n. 31; p. 40, n. 42; p. 41, n. 48; p. 255, n. 55; p. 265, n. 26; p. 266, n. 37.

Cancellation of Instruments, 9 C. J. p. 1232, n. 80.

Partition, 30 Cyc. p. 214, n. 87.

Pleading, 31 Cyc. p. 274, n. 50; p. 293, n. 97.

Process, 32 Cyc. p. 468, n. 26.

Tenancy in Common, 38 Cyc. p. 105, n. 79; p. 106, n. 3.

Venue, 40 Cyc. p. 69, n. 83; p. 94, n. 74.

3. The suit against the defendant, Roberts, for such equitable relief, was properly brought against him in the county of his residence.

4. The equitable action for partition was properly brought against the cotenants residing outside of this State, in the county where the land is situated; and such non-residents could be served by publication. Civil Code (1910), § 5554.

5. Pleas to the jurisdiction must be pleaded in person, and must, when relied on, be pleaded specially, unless a want of jurisdiction appears on the face of the proceedings, in which case it may be taken advantage of on motion or by demurrer; but such motion or demurrer, like a plea to the jurisdiction, is one personal to defendants who are not subject to the jurisdiction of the court. Civil Code (1910), § 5665. So where an equitable petition for the partition of land is brought in the county where the land is located, against certain cotenants who reside in a different county in this State, and against certain cotenants who reside beyond the limits of this State, the jurisdiction of the court over the cotenants so residing in this State can be raised only by them, either by plea, demurrer, or motion, and can not be urged by a defendant residing in the county in which the suit is instituted.

6. A plea to the jurisdiction must be filed at the first term. Civil Code (1910), § 5641. If not so filed, it will not be considered. *Smith* v. *Rawson*, 61 *Ga.* 208. By parity of reasoning, a motion to dismiss, or demurrer to, a petition, upon the ground of lack of jurisdiction of the person of a defendant, must be urged at the appearance term, or it will not be considered.

7. A defect in a petition, resulting from nonjoinder of proper parties, should be taken advantage of by special demurrer. *Ray* v. *Pitman*, 119 *Ga.* 678 (46 S. E. 849); *Hunt* v. *Doyal*, 128 *Ga.* 416 (57 S. E. 489). A special demurrer must be filed at the first term; and if not so filed, it can not be considered. *Ford* v. *Fargason*, 120 *Ga.* 708 (48 S. E. 180).

8. Applying the principles above ruled, the court did not err in overruling the demurrer of the defendant, Roberts, to the petition in this case.

9. Where one cotenant, without authority from his cotenants, executes a lease under seal for such cotenants, the latter are not bound; and until they become bound, the contract signed by the other cotenant for them lacks the element of mutuality between them and the lessee, and the lessee's holding is to be considered as a tenancy at will. *Lynch* v. *Poole,* 138 *Ga.* 303 (75 S. E. 158); *Neely* v. *Stevens*, 138 *Ga.* 305 (75 S. E. 159); *United Leather Co.* v. *Proudfit*, 151 *Ga.* 403 (107 S. E. 327).

10. Ratification of such an instrument, to be binding upon the principal, must also be under seal, and can not be by words or conduct. *McCalla* v. *American Freehold &c. Co.*, 90 *Ga.* 113 (15 S. E. 687); *Overman* v. *Atkinson*, 102 *Ga.* 750 (29 S. E. 758); *Lynch* v. *Poole, Neely* v. *Stevens,* supra.

11. Acceptance by the principal, for whom his cotenant assumed to act in executing such lease, of his proportionate share of the annual rent paid by the tenant at will, did not amount to a ratification by him of the lease instrument, especially when he notified the tenant that he would not be bound by the lease contract. Holding as a tenant at will, such

payment of rent will be held as made by him in that capacity, and not in the capacity of a tenant for years.

12. Applying the rulings above made, the court did not err in directing a verdict in favor of the petitioners for partition, and in cancelling, except as to the lessor signing the same, the lease contract.

*Judgment affirmed. All the Justices concur.*

No. 5552. APRIL 13, 1927.

Equitable petition. Before Judge Custer. Clay superior court. July 3, 1926.

John S. Burnett, individually and as executor of Fannie C. Allison, and Emily C. Holmes filed their petition in Clay superior court for partition of a described tract of land. This suit was brought against B. F. Burnett, T. M. Burnett, L. C. Burnett, C. H. Burnett, John I. Burnett, J. S. Burnett, J. B. Burnett, Griffin Raoul, Frances Raoul, Griffin Raoul Jr., Allene Raoul, Castleberry Ross, Emily Ross Raoul, Floyd Ross, and Mamie B. Holmes, all non-residents of this State, and against Moninia Yarbrough and Dick Yarbrough as guardians of C. C. Holmes, both of Randolph County, Ga., and against Charlie Roberts, of Clay County, Ga. The petition alleges that the plaintiffs and all of the defendants, except Charlie Roberts, are tenants in common of the land sought to be partitioned, and sets out the interest of each of the cotenants therein; alleges that said lands are very valuable, and for some years had been managed and controlled by Fannie C. Allison, without authority from her cotenants, so far as petitioners knew, during which time she collected the rents, paid the taxes, and maintained such improvements as were maintained; but she did not hold said lands adversely to the other cotenants, except as to her interest therein; that Charlie Roberts is in possession of a part of said land, claiming to be a lessee thereof from Fannie C. Allison, for a term of years, at a nominal annual rental of $680; that the lease under which he holds is null and void, because made without authority of the owners, and the rental of $680 per annum is wholly inadequate; that a division in kind of said lands is impracticable, because the interest of a number of the cotenants is small, and because a division in kind would depreciate the value of the entire tract. Petitioners pray for a receiver to take charge of the property, protect the same, insure the buildings, rent the lands, collect the rents, and pay the taxes; that the lands be sold and the proceeds distributed

among the parties at interest; that said lease to Charles Roberts be decreed null and void; that an order be granted directing service by publication upon the non-resident defendants; that a guardian ad litem be appointed to represent the minor defendants; and that petitioners be granted such other relief as is just and equitable.

At the appearance term (September, 1924) Roberts filed his answer to the petition, in which he alleged that he was in possession of a portion of the lands sought to be partitioned, under a lease from Fannie C. Allison; that prior to 1920 she had exercised full and complete management and control of the lands sought to be partitioned, with the knowledge and consent of all of her cotenants, including petitioners, to whom she had accounted for their pro rata share of the rents and profits; that on July 20, 1920, in behalf of herself and her cotenants she executed and delivered to him a ten-year lease of the old Castleberry home place, beginning January 1, 1921, and ending January 1, 1931, at an annual rental of $680, which is the full rental value of said premises; that since the execution of said lease petitioners, as cotenants of said Fannie C. Allison, with full knowledge of the terms of said lease, have received their proportionate parts of said annual rental stipulated in said lease and paid by him from year to year, and thus ratified and confirmed the same, and that they are now estopped by their said conduct from asserting their legal rights in the premises against his rights under said lease. Attached to his answer is a copy of said lease, which was executed under seal by Fannie C. Allison, "for herself and for and in behalf of the Castleberry heirs, party of the first part." On March 15, 1926, Roberts filed his motion to dismiss said suit, upon the grounds: (a) that said petition set forth no cause of action against him, and did not pray for any substantial equitable relief against him; (b) that no substantial equitable relief, or substantial relief of any character, is prayed against any party defendant to said petition who is a resident of the County of Clay, for which reason the superior court of that county is without jurisdiction to entertain this equitable petition for partition; (c) that the court is without jurisdiction to partition these lands, in the absence of the beneficiaries under the will of Fannie C. Allison, the executor of her will being without right or authority to represent said beneficiaries; and (d) that

the owners of the one-fifth undivided interest in these lands, under the will of Fannie C. Allison, who was alleged to have died on March 8, 1924, were not named or made parties to this suit. The court overruled this motion to dismiss, to which judgment Roberts excepted pendente lite, and assigned error thereon in the bill of exceptions. In his answer to the petition Roberts set up that the cotenants of Mrs. Fannie C. Allison had ratified the execution of the lease by her to him, by accepting their proportionate share of the rents for the years 1922 and 1923.

The evidence at the trial demanded findings of the following facts: Catherine D. Castleberry died intestate in 1882, leaving as her heirs at law six children. After her death one of these children died intestate, unmarried, and without children. Five sisters of this deceased child inherited its interest in these lands. These five children died testate, prior to July 20, 1920. On said date Fannie C. Allison, for herself and in behalf of the Castleberry heirs, executed a lease to Charles F. Roberts, of the lands sought to be partitioned, for a term of ten years, commencing January 1, 1921. This lease was under seal, and was signed by "Fannie C. Allison, for herself and for and in behalf of the Castleberry heirs, party of the first part." The lessor was one of the heirs at law of Catherine D. Castleberry, and as such owned an undivided interest in these lands. This lease was executed by her without the authority of her cotenants in writing, and in fact without any authority from them so far as disclosed by the record. Roberts paid the rents to Fannie C. Allison during the years 1922 and 1923. John S. Burnett, one of the petitioners, received his portion of these rents. When he received the portion of the rent paid by Roberts under the lease for 1923 he had knowledge of the existence of the lease under which Roberts claimed. On September 29, 1922, Burnett wrote to Roberts, acknowledging receipt of his check payable to Mrs. Allison, for the rent of these lands for the year 1922, and stating that he was going to accept this rent for that year, but wanted it distinctly understood that he had not agreed to any lease on this property, and that others of the cotenants had not done so. He asked that Roberts, before beginning to cultivate it again, confer with him with reference to the terms of rent for the next year, if he desired to rent it. Roberts acknowledged receipt of this letter on October 7, 1922.

Burnett rented a part of these lands to Roberts in 1920. Burnett told him to go ahead with a small farm, and when he got the labor to work it they would lease it to him. Roberts negotiated with Mrs. Allison for the lease of this land. She told him she represented the Castleberrys, but he did not know whom she represented. He never conferred with any of the other Castleberry heirs with regard to this lease. He did not confer with John S. Burnett about the execution of this lease. He acknowledged receiving from Burnett a letter stating that he would not ratify that lease. None of the other cotenants ever ratified it. Fannie C. Allison died in March, 1924.

The trial judge directed a verdict finding in favor of the partition of the lands as prayed, and cancelling the lease of Roberts, except as to Mrs. Fannie C. Allison. Roberts moved for a new trial upon the general grounds; and upon the ground that the court erred in directing a verdict for petitioners, because the question of ratification of his lease by John S. Burnett was, under the evidence, a question of fact to be solved by the jury and not determined by the court. The court overruled the motion for new trial, and Roberts excepted.

*E. R. King* and *C. L. Glessner,* for plaintiff in error.

*Zack Arnold, H. A. Wilkinson,* and *James W. Harris,* contra.