SIMMONS *v.* HALL.

No. 10443.   MARCH 16, 1935.

*C. N. Davie* and *J. F. Kemp,* for plaintiff.
*Branch & Howard,* for defendant.

BELL, J.   J. W. W. Simmons brought a suit against F. S. Hall, alleging that the defendant is erecting a building adjacent to a wall owned by the plaintiff, and seeking to enjoin the defendant "from attaching to or adjoining plaintiff's wall or in any way interfering with plaintiff's property." The court denied an interlocutory injunction, and the plaintiff excepted.

The defendant contended that he was entitled to attach to the wall the building being constructed by him, basing his claim on an instrument executed by a predecessor in title of the plaintiff and conveying such right to the defendant and another to whose interest the defendant later succeeded by purchase. The agreement relied on by the defendant was executed as a deed, and, after describing the lot now owned by the plaintiff, continued with the following provisions: "Whereas parties of the second part are owners of the property adjacent to, and lying north of property owned by the party of the first part," and "desire to erect a building upon the lot owned by them, and to build to and adjoin to the north wall of the building owned by the party of the first part: now, therefore, for and in consideration of the sum of five hundred dollars ($500.00), the receipt whereof is hereby acknowledged, the said party of the first part does hereby sell and convey unto said parties of the second part the right to build to and adjoin said wall now located on said lot, and to use the same as long as the said wall shall stand; and said wall shall not be torn down or removed in any manner, except by consent of all the parties hereto, their assigns, and all persons claiming by or through them. . . To have and to hold said described easement in said party wall, with all rights and uses thereto, forever in fee simple; and the party of the first part hereby warrants that she is the true and lawful owner of the right and

easement herein conveyed, and that the same is free and unencumbered in any manner whatsoever." This instrument was duly recorded in the deed records of Fulton County, where the property is situated; and besides this, the evidence showed that the plaintiff had actual notice of the agreement at the time he purchased the lot in connection with which he claims the wall in question.

The plaintiff contended that the defendant and his cotenant had exhausted the rights conveyed by this instrument by the erection of a building shortly after the agreement was executed; that such building was later destroyed, and that the defendant can not use the wall in connection with the new building which is now in process of construction by him. The plaintiff further contended that the wall was practically destroyed along with the building which had been attached to this wall by the defendant and his cotenant, and that, regardless of whether the defendant's right to use the wall has been exhausted, the right of such user does not extend to the wall as reconstructed by the plaintiff after the partial destruction thereof as indicated.

The defendant contended that under the terms of the easement he has the right to use the wall so long as it shall stand, whether for the erection of one building or several in succession; also that the wall was only slightly damaged by the fire which destroyed the first building, and that it is substantially the same wall. The defendant further contended that in any event he is erecting his present building in violation of no right of the plaintiff, in that the entire weight of such building will be supported by posts or pillars situated on defendant's property, and the only use he intends to make of the wall is "for it to form one of the walls" of the new building, the ends of the rafters or joists of which will merely abut the edge of the party wall.

Counsel for the plaintiff in error have cited authorities in support of their contentions that a party-wall agreement is not applicable so as to permit the adjoining of a new building after the first building erected in pursuance of the agreement has been destroyed, and that such an agreement will also cease to be operative when the wall itself has been destroyed, or has become unfit for use from any cause. We need not consider these questions in the abstract, or express an opinion as to what might be the result under facts different from those here involved. The intention of the parties is the

governing factor, and this must be ascertained from the special terms of the agreement. The evidence authorized the inference that the wall referred to in the agreement has been only slightly damaged, and that it is substantially the same wall referred to in the easement contract. Under the terms of the agreement, the grantees and their successors had "the right to build to and adjoin said wall, . . and to use the same as long as the said wall shall stand." This right was not limited to one building, but could be exercised in the construction of a second building after the first building was destroyed. The court did not err in refusing an interlocutory injunction. See, in this connection: Civil Code (1910), § 4266; *Atlanta Railway Co.* v. *McKinney,* 124 *Ga.* 929 (3) (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215); *Horne* v. *Macon Telegraph Co.,* 142 *Ga.* 489 (83 S. E. 204, Ann. Cas. 1916B, 1212). It is unnecessary to decide whether, if the easement has expired, the defendant would have the right merely to cause the rafters or joists to abut the plaintiff's wall.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*